214 P.2d 799

**CALHOUN et al. v. MOORE et al.**

**No. 5197.**

Supreme Court of Arizona.

Feb. 9, 1950.

Kramer, Morrision, Roche & Perry, L. V. Rhue, of Phoenix, for appellants.

Fred V. Moore, of Phoenix, for appellees.

UDALL, Justice.

This is an appeal by defendants from a declaratory judgment determining a portion of Twenty-Third Avenue which lies outside the limits of the City of Phoenix in Maricopa County to be a duly established county highway. The roadway involved is a strip one half mile in length running practically north and south between Indian School Road, on the south, and Campbell Avenue, on the north.

In the year 1915, upon application by interested property owners the Board of Supervisors of Maricopa County, proceeding under section 5057, Revised Statutes of Arizona, 1913, Civil Code, now Sec. 59-601, A.C.A.1939, purportedly established a public roadway 50 feet in width along the north-south quarter section line of section 24, township 2 north, range 2 east of the G. & S. R. B. & M., and extending 25 feet on each side of said median line. It appears that the statutory procedure for laying out and establishing this public highway was fully complied with, save and except that the center line of the roadway

as actually laid out on the ground, used by the public and maintained by the county since that time, is not really upon the quarter section line, but is in truth and in fact 53 feet west thereof at Indian School Road and 24 feet west thereof at Campbell Avenue. In other words the map required by law to be prepared by the county engineer and filed with the county recorder was not a true reflection of the physical facts as they then existed or as they now exist, for there is not now and never has been a roadway laid out and established on the quarter section line.

It further appears from the record that since the highway was established in the year 1915, property abutting the roadway has been subdivided, tracts sold, houses and other improvements erected thereon, many of which improvements on the east encroach more or less upon the road right of way as originally platted. In fact the testimony shows that if a 50-foot highway were now established squarely upon the north and south median line of section 24, some nine houses would have to be moved as well as utility poles, fences, open ditches, hedges, and underground pipe lines.

Some time in 1946, preliminary to paving this county roadway, a survey was made by the county engineer which definitely established that a surveying error had been made in laying out the roadway. However, many of the abutting property owners had been aware of the mistake for some years. In February, 1947, plaintiffs-appellees (being all of the abutting property owners on the east) filed a petition with the Board of Supervisors seeking a declaration that the existing roadway was the true established county highway rather than the 50-foot strip, 25 feet in width on each side of the north and south median line of the section as platted upon the map of record and described upon the minutes of the Board of Supervisors. After due notice to all parties interested, objections were filed by appellants and other defendants below (property owners on the west), a hearing was had and on October 30, 1947, the Board entered an order rejecting what it termed the "petition for alteration of the 23rd Avenue highway" and directed the county engineer to proceed to improve the highway within the right of way as originally platted on the quarter section line.

Shortly thereafter plaintiffs (appellees) filed an action in the superior court to have determined by declaratory judgment the true center line and width of the roadway in question. There were named as parties defendant: Maricopa County, a body politic, its board of supervisors and county engineer, as well as all of the individual abutting property owners on the west side of said highway. The issues were framed and a trial had where testimony was taken. As highlighting the position of the plaintiffs we quote from the testimony of D. W. Fountain, who had been a resident of the area in question since

1912, and had acted as one of the viewers of said highway when it was established in 1915, wherein he stated:

"Q. And how long has that highway known as 23rd Avenue existed? A. That I do not know. I know it has been used as it now is since 1912.

"Q. Since 1912? A. That is right.

"Q. Of your own knowledge you know it has been used? A. That is right.

"Q. Was that roadway there in existence at the time you went out there and viewed it? A. It was.

"Q. And was that roadway as it existed in 1912 and as it now exists was that the roadway which you intended to designate and lay out as the highway at that time? A. It was."

The court entered judgment in favor of the plaintiffs, declaring that the 50-foot roadway actually laid out on the ground, used by the public and maintained by the county since the year 1915, was a duly established county highway. From this judgment, and the denial of their motion for a new trial, only the defendants Owen L. Calhoun and Nellie J. Calhoun, his wife, prosecute this appeal.

Defendants assert that the trial court erred in rendering judgment in favor of plaintiffs and against appellants in that (1) the court was without jurisdiction of the subject matter; (2) the third count of plaintiffs' complaint, upon which the action was tried, does not state a claim upon which relief can be granted; (3) the order of the Board of Supervisors of October 30, 1947, is res judicata of all issues between the parties, and (4) the judgment is not supported by the evidence and is contrary to law. In support of these assignments of error the following propositions of law are urged: (a) The establishment of public highways is governed entirely by statute, and roads established otherwise than as expressly provided thereby are not public highways. (b) Authority to establish, alter, or abandon public roads is vested exclusively in the Board of Supervisors. (c) Title to public highways cannot be acquired by private parties through adverse possession. (d) The judgment of the Board of Supervisors, dismissing the petition to change the location of the highway and directing the County Engineer to proceed with the improvement thereof upon its original location, is not subject to collateral attack. (e) The action of the Board of Supervisors is not subject to review by a suit for declaratory judgment.

We agree that propositions numbered (a), (b), and (c), supra, correctly state the law. It should be noted, however, the plaintiffs here are not claiming any rights against the public by reason of adverse possession. Their claim is that by virtue of section 59-401, A.C.A.1939, enacted in 1927, the hiatus resulting from the error or mistake which the board made in laying out the roadway in question has been overcome

and legal existence given the actual roadway, thus leaving for determination only the question as to whether the curative statute, hereinafter quoted, by its operation fixed the legal bearing of the roadway involved as actually laid out on the ground. Plaintiffs contend that the statute is controlling in the situation presented by this record. It reads: "59-401. *Width of highways—Errors in establishing.*—All highways heretofore constructed, laid out, opened or established as public highways by the territory or state, or by any board of supervisors or legal subdivision of the state, and which have been used continuously by the public as thoroughfares for free travel and passage for two (2) years, or more, regardless of any error, defect or omission in the proceeding to establish such highways, or in the recording of such proceedings, and all highways which shall be hereafter established pursuant to law, are hereby declared to be public highways sixty-six (66) feet wide, unless the width thereof is otherwise specified; provided, that no portion of a public highway within the limits of an incorporated city or town having a population of more than twenty-five hundred (2,500) shall come under the provisions of this chapter except as specifically provided for." The defendants in effect allege by their answer there was no error, defect or omission in the original proceedings to establish, construct, open and lay out the highway in question and hence that the curative statute is inapplicable. We cannot agree with this view. It is clear that the road was constructed, it was opened and it was established by usage, either of which brings it within the purview of the curative statute above.

Section 5057, supra, under which establishment of the road involved was instituted, gave the supervisors exclusive jurisdiction to determine (A) whether a necessity for a roadway existed, and (B) where the bearing of the roadway should be upon the ground. Hence, in the instant case the trial court by its declaratory judgment was not invading the exclusive province of the Board of Supervisors to establish a highway, but was merely determining whether such highway had been legally established and if so upon what line. As we interpret section 59-401, supra, any error resulting from the defect in laying out, establishing, opening or constructing this roadway along a line different from that called for on the plat as filed, was remedied by this curative statute, the operative effect of which was to give legal existence to the roadway as laid out, opened and used. Thus once the roadway became legally established the Board of Supervisors as constituted in 1947, certainly had no right to review the 1915 proceedings of its predecessors, as it could only change the bearing (route) of said road by instituting afresh and following through to conclusion the statutory procedure for altering, establishing,

or abandoning a public roadway as set out in section 59-601, A.C.A.1939. This was not done. Rather the supervisors saw fit to deny the existence of the legal roadway in use an! direct its engineer to build the road along the quarter section line where it had never been legally established.

Section 27-702, A.C.A.1939, of the Declaratory Judgment Act, states: "Any person * * * whose rights, status or other legal relations are affected by a statute, * * * may have determined any question of construction or validity arising under the * * * statute, * * * and obtain a declaration of rights, status or other legal relations thereunder. * * *" Surely under the facts in this case the legal relations of the parties were affected by section 59-401, supra, and any persons whose legal relations or rights were affected thereby were entitled under the declaratory judgment act to have their disputed status settled by a judicial determination as to where the operative effect of said curative statute placed the legal bearing of the roadway. The supervisors by their order of October 30, 1947, failed or refused to recognize the curative statute or give to the plaintiffs any relief thereunder. While there was no appeal from this ruling the Board's action was not final or conclusive nor res judicata of the issues between the parties. A bona fide justiciable controversy remained. The court had before it all of the interested parties, including the county, its board of supervisors and county engineer, hence it had jurisdiction, under this direct attack, to entertain this declaratory judgment suit and to render the judgment which it did.

We hold that the curative statute which was obviously enacted to meet such a situation is controlling.

Judgment affirmed.

LA PRADE, C. J., and STANFORD, PHELPS and DE CONCINI, JJ., concur.