DOMENICO P. DE STEFANIS *et al. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF NORTH PROVIDENCE.

JULY 20, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

344

ANDREWS, J.  This is a petition for a writ of certiorari to review and quash the decision of the zoning board of review of the town of North Providence granting the application of Anthony Almeida and his wife Mary, owners of land in a residential district, for permission to erect thereon a metal building forty by thirty feet, to be used for cutting fireplace wood and kindling.  The respondent board has certified to us, pursuant to the writ, the record of the proceedings relative to such application.

It appears from the record that the petitioners own land either surrounding the property in question or in the immediate neighborhood, and their objections to the granting of the application were that they had or were about to build homes on their land.  This area was zoned for residences in 1930 when the ordinance was passed, and in the general neighborhood of this property there are three or four businesses being conducted.  Whether any of these predate the ordinance so as to constitute a legal nonconforming use is not shown.  It is clear, however, that the applicants' business, which consists of cutting wood with a power saw, was started long after the passage of the ordinance.  From a colloquy between petitioner De Stefanis and the board, it appears that the public authorities had intended to stop

the applicants from continuing this business. The record also discloses that before the hearing the applicants had obtained an alleged permit from the town clerk, which they claimed gave them the right to conduct this business.

The language in the letter announcing the decision granting the application reads: "Whereas, it appears that the area in question was zoned for residences in 1930, but is now used for chicken raising, tile business, brick reclaiming works, casket factory, which business and industries have been in operation for several years; that in the opinion of the Board the general character of this neighborhood is conducive to business and industry; that a comprehensive rezoning plan now being considered by the Town would, in the opinion of the Board, rezone this area for business or industry * * *."

The decision of the board reads as follows:

"Resolved, That the Zoning Board of Review under Section B, Article 7, does hereby grant the application of Anthony Almeida and wife Mary, it being the unanimous opinion of the members that 1. No diminution in the present value of the surrounding property will be suffered, (the deteriorated wooden structure on the property in question to be replaced with new metal building), 2. that the granting of this application will not be injurious to the public interest in that at the present time a rotary saw driven by a 5 H.P. motor is located in the present wooden deteriorated building and a test cutting in the presence of the members of the Board did not create objectionable noise. To further alleviate any noise in the proposed metal building, the Board requests that the interior be lined with sound absorbent material, such as wood, asbestos, felt, etc. It is further understood that the granting of this application is on condition that 1. cutting of wood be confined to the hours of 9:00 a.m. to 5:00 p.m. on week days only, and 2. that the stacking or piling of wood on exterior of building shall not exceed 6 feet."

The section B, article 7 referred to in the decision is sec.

23, paragraph B, subparagraph (7), of the town's zoning ordinance and reads as follows:

"B. Exception under specific rules. When in its judgment the public convenience and welfare will be substantially served or the appropriate use of neighboring property will not be substantially or permanently injured, the Board of Review may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, determine and vary the application of the district regulations herein established in harmony with their general purposes and intent as follows:

\* \* \*

(7) Permit in any district any use or building deemed by the said board to be in harmony with the character of the neighborhood and appropriate to the uses or buildings authorized in such districts \* \* \*."

Clearly the board acted in a quasi-judicial capacity in applying said sec. 23, par. B, subpar. (7), of the ordinance. The word "deemed" as used therein should be construed as connoting deliberate action based on evidence and standards. Bouvier defines "deem" to mean "To decide; to judge" and that certainly is its original meaning. See also 11 Words and Phrases, 478 *et seq.* The board did not make a finding that the proposed use and building was "appropriate to the uses or buildings authorized" in this district. Sections 2 and 4 of the ordinance enumerate the permitted and accessory uses in a residence district. None of them is anything like the use here under consideration.

There is nothing in the record which would warrant a finding that the use of this substantial metal building for what amounts to a small saw mill was appropriate to the uses or buildings "authorized" in a residence district. If the board may say that such a use and building is appropriate to a dwelling house district, it could authorize buildings and uses which would completely change the neighborhood and the character of the district.

The proposed use may be appropriate to the uses to which some of the land in said district is actually put, but those business uses are not "authorized" by the ordinance. Since there is nothing to support a finding of appropriateness the board exceeded its authority. In our judgment the action of the board amounted to a rezoning, and in effect was a usurpation of the power of the town council. *Matteson* v. *Zoning Board of Review*, 79 R. I. 121.

The petition for certiorari is granted, the decision of the respondent board is quashed, and the record which has been certified to this court is ordered sent back to the board with our decision endorsed thereon.

*Anthony A. Giannini*, for petitioners.

*Michael A. Abatuno*, Town Solicitor, for respondent.

*Isadore S. Horenstein*, for applicants.