William J. Lynch *et al. vs.*

Zoning Board of Review of the City of Pawtucket.

JULY 12, 1957.

Present: Flynn, C. J., Condon, Andrews and Paolino, JJ.

ANDREWS, J. This is a petition for a writ of certiorari brought under the provisions of general laws 1938, chapter 342, §8, to review and quash the decision of the zoning board of review of the city of Pawtucket, now called the board of appeals by the city charter, granting an application for an exception or variation under the zoning ordinance to permit the applicant to use a house in a residence A district for a music school on the first floor and for apartments on the upper floors. Pursuant to the writ all the pertinent records have been certified to this court by the respondent board.

The petitioners own land adjoining that upon which the house is located. They challenge the right of the applicants to file their application. Their position is based upon the claim that at the time the application was filed the applicants had no property interest in the premises. Since we are of the opinion that we must reverse the decision on the merits it is unnecessary to consider this point. The applicants sought an exception or variation under the following provisions of the zoning ordinance, sec. 26.18: "(8) Approve in any district an application for any use or building which the board of review finds: (a) To be in harmony with the character of the neighborhood, appropriate to the use or buildings permitted in such district, and possessive

of a reasonable tendency towards promoting the public convenience, the public welfare or the public health; (b) Where such use or building is reasonably necessary for the convenience or welfare of the public."

It is apparent that this was once a high-class residential neighborhood and although some houses have been kept up several have fallen into disrepair including the one in question. However this may be, the zoning has not been changed by the city council. The petitioners did not object to the house being used as an apartment, in fact they and other objectors conceded that it would be a good thing for the neighborhood to have the house repaired. But they did object to its being used as a music school where from the evidence it appeared that instructions would be available on various types of instruments, and the only condition imposed to keep the sound in the house was for the installation of windows that could not be opened. This in effect would be nothing more than a business in a class A residential district. For a somewhat similar situation see *DeStefanis* v. *Zoning Board of Review*, 84 R. I. 343, 124 A.2d 544.

The record is barren of any evidence which tends to show a need for such a school in that area or which otherwise tends to support the board's findings. In the absence of such evidence the board erred in granting the application.

The petition for certiorari is granted, the decision of the respondent board is quashed, and the records certified to this court are ordered returned to the respondent with our decision endorsed thereon.

FLYNN, C. J., did not participate in the decision.

*Crowe, Hetherington & Chester,* for petitioners.

*John A. O'Neill,* City Solicitor, *Harvey J. Ryan,* Ass't City Solicitor, *Ambrose W. Carroll, Joseph A. Kelly,* for respondent.