430 P.2d 448

Dr. Delbert L. SECRIST, Nan E. Lyons, Dan C. McKinney, Katie Dusenberry and Dr. Russell C. Ewing, duly elected and acting members of the Board of Education and Board of Trustees of School District No. I of Pima County, Arizona, and Florence Reece, School Superintendent of Pima County, Arizona, and Carroll H. Christian, Treasurer of Pima County, Arizona, Appellants,

v.

Robert DIEDRICH, Wayne A. Voss and Howard Peabody, on behalf of themselves and all other taxpayers of School District No. I of Pima County, Arizona, Appellees.

No. 2 CA–CIV 339.

Court of Appeals of Arizona.

July 20, 1967.

William J. Schafer, III, County Atty.,
Pima County, Lawrence Ollason, Special

**104**

Deputy County Atty., Tucson, for appellants.

Robertson, Childers, Everett, Burke, & Drachman by Peter Johnson, Tuscon, for appellees.

MOLLOY, Judge.

Appellants, members of the School Board of Tuscon School District No. 1, appeal from a declaratory judgment in which the appellants were held to be violating statutory law (A.R.S. § 34–201) in performing landscaping work at new school buildings without advertising for competitive bids.

It was admitted by the appellant school board that, in connection with the construction of each of three new schools, it had performed site improvements at a cost in excess of $2500. This work was contemplated at the time of the letting of the school construction contract but was not included therein. According to the opening brief, and there is no refutation from appellees, "plans and specifications for the work in question were prepared by regular employees of the school board." It was established at the trial that the school board employed a full-time architect.

■ The judgment rendered below is attacked on appeal on three basis. The first is that the plaintiffs established no standing to bring an action for declaratory judgment for the reason that only a taxpayer's interest was established without any showing of special damage as to any of the plaintiffs. Though there is authority to the contrary, we believe the weight of authority and the better view to be that a taxpayer has sufficient standing to question in an appropriate action illegal expenditures made or threatened by a public agency. Ethington v. Wright, 66 Ariz. 382, 189 P.2d 209 (1948); 22 Am.Jur.2d Declaratory Judgments § 83, pp. 946–47; 79 C.J.S. Schools and School Districts § 420(c), p. 294; 47 Am.Jur. Schools § 106, pp. 371–72; Anno.: Statutes—Validity—Who May Question, 174 A.L.R. 549, 555–58. We hold that the plaintiffs, taxpayers within the defendant-school district, had sufficient standing to maintain the subject action.

■ The second attack made is that inasmuch as the landscaping of the three new schools as to which the evidence was directed was fully completed and paid for at the time of trial, the case was moot and a declaratory judgment was not proper. It is well-established law in this state that a declaratory judgment action may not be based upon a future controversy which may or may not arise. Maricopa County v. Leppla, 89 Ariz. 220, 360 P.2d 227, 84 A.L.R.2d 1129 (1961); Merritt-Chapman & Scott Corporation v. Frazier, 92 Ariz. 136, 375 P.2d 18 (1962). However, here we have a genuine dispute as to the construction of a statute, which is reasonably sure to pertain to factual situations which will develop in the future. At the trial, and on appeal, the appellant-school board has taken the position that if plans and specifications for construction work are prepared by its own employees, and if an independent architect or engineer is not employed for this purpose, it has the discretion, regardless of the cost of the work to be performed, to do the work, using its own employees, without advertising for competitive bids. This interpretation of the law is disputed by the plaintiffs who contend that public bidding is required for all capital improvements when the work to be performed has a total cost in excess of $2500.

■ The controversy is one of statutory construction and lies within the encompassment of our declaratory judgments action. A.R.S. § 12–1831 et seq. Calhoun v. Moore, 69 Ariz. 402, 214 P.2d 799 (1950). Having an "actual controversy," Podol v. Jacobs, 65 Ariz. 50, 55, 173 P.2d 758 (1946), we find it appropriate that the trial court proceeded to render declaratory judgment settling the controversy before it, even though the expenditures for the particular landscaping which precipitated this action were so far completed as to be beyond specific relief, because of the public interest involved in

the dispute. State v. Superior Court, 86 Ariz. 231, 344 P.2d 736 (1959).

The fact that the landscaping work in question was contemplated when the contract for the new school building was let is not determinative of the question before us. The applicable law appears to be that a residuum of discretion is reposed by bidding statutes such as the one under consideration in the public agency in control of the work. The division of work into separate units for purposes of execution, when not done for the purpose of avoiding the bidding statutes, should be upheld if such division has any reasonable basis:

"When it is apparent that the work has been split up for the purpose of evading the statute, the courts have generally held the contracts to be invalid. On the other hand, if the public officials responsible for letting the contract appear to have acted in good faith, multiple contracts may be upheld even though the total involved in them in the aggregate is greater than the amount specified in the statute." 53 A.L.R.2d Anno.: Public Contract—Competitive Bidding § 2, p. 499.

Here, there appears to be a reasonable basis for separating the landscaping work from the new school construction, in that the landscaping work could be performed by regular employees of the school district, with a possible saving in cost to the school district. Landscaping is not such an integral part of a school building as to suggest bad faith in separating its performance from the construction of the building itself. In the absence of showing of such bad faith, the judgment of the school board in this regard should be upheld. Cf. *Sulphur Springs Val. Elec. Coop. v. City of Tombstone*, 1 Ariz.App. 268, 401 P.2d 753 (1965).

We now reach the question of statutory construction. The plaintiffs contend that the expenditures in question were in violation of A.R.S. § 34–201, subsecs. A and C, reading as follows:

"A. Every agent shall, upon acceptance and approval of *the* working drawings and specifications, publish a notice to contractors of intention to receive bids and contract for the proposed work, and stating:

\* \* \* \* \* \*

"C. If the agent believes the work can be done more advantageously by day work or force account, any building, structure, addition or alteration not exceeding twenty-five hundred dollars in total cost, may be constructed without advertising for bids." (Emphasis supplied)

The school board argues that these provisions must be read in connection with other sections of our code, and particularly the following:

"§ 34–102.

"A. When authority is given by law to an agent to construct a state, county or other building or structure, or additions to or alterations of existing buildings or structures, an architect or engineer or both, as warranted by the type of construction, shall be employed by the agent *if the work is deemed of a nature warranting such employment.*"

(Emphasis supplied) 11 A.R.S.

"§ 34–103.

"A. The employment of an architect shall be by direct selection or by public competition."

11 A.R.S.

"§ 34–104.

"A. The architect employed shall execute with the agent a contract to prepare *working drawings and details and specifications* for the proposed project, and to supervise its construction unless the agent does not employ the architect to to supervise the work."

·(Emphasis supplied) 11 A.R.S.

We agree with the appellants that A.R.S. § 34–201 must be construed along with the provisions of A.R.S. § 34–101 ·et seq., in order to derive the true meaning

of that section. At the time of their adoption by our legislature, all of these provisions were contained within one act, Ch. 51, Laws of 1919. The interrelationship of these various provisions is apparent from reading this original enactment.[1] Subsequent codifications have made no pertinent changes of such substance as to indicate any change in legislative intent as to the matter at hand. Hunter v. Northern Arizona Utilities Co., 51 Ariz. 78, 74 P.2d 577 (1937). We hold that " * * * the working drawings and specifications * * *" of A.R.S. § 34–201, subsec. A refers to those prepared at the instance of the governmental agency for such buildings and structures as are "deemed"[2] by the agency to warrant the employment of an architect or engineer.

· But, we reject the school board's contention that because plans and specifications have been prepared by other than an architect or engineer specially employed for that purpose, the board has thus avoided the competitive bidding statute. The law cannot so easily be evaded. We believe the following to be applicable:

> "Since they are based upon public economy and are of great importance to the taxpayers, laws requiring competitive bidding as a condition precedent to the letting of public contracts ought not to be frittered away by exceptions, but, on the contrary, should receive a construction

always which will fully, fairly, and reasonably effectuate and advance their true intent and purpose, and which will avoid the likelihood of their being circumvented, evaded, or defeated. Stern insistence upon positive obedience to such provisions is necessary to maintain the policy which they uphold."
43 Am.Jur. Public Works and Contracts § 26, p. 768.

See also 10 McQuillin, Municipal Corporations § 29.29, p. 266.

In passing the subject competitive bidding statute, we believe the legislature was intending to affect all contracts for the construction of buildings and structures, or alterations thereto, which are of such substance as to require working drawings and specifications when the total cost is to be in excess of·$2500, and that it would be a circumvention of this intent to permit construction of this type to be performed without competitive bidding merely because the plans and specifications are prepared by full-time employees of the public agency.

We do not pass upon whether the "landscaping" work here performed constitutes the construction of a " * * * building or structure, or additions to or alterations of existing buildings or structures * * *" so as to come within the purview of the subject statutory provisions. Both in the lower

---

1. The counterpart of A.R.S. § 34–201, subsec. A was Section 7, Ch. 51, Laws of 1919, reading as follows:
 "Every such agent as described in Section 1 [now A.R.S. § 34–102, subsec. A], who shall be empowered by the statutes of the State of Arizona to make or enter into contracts for the erection or construction of buildings or structures shall, *upon acceptance and approval of the working drawings and specifications prepared by the architect employed for the purpose,* cause to be published for a period of not less than two weeks in a daily newspaper, or three insertions in a weekly newspaper, published within the county in which the proposed building is to be constructed, notice of intent to receive bids and to contract for the

erection of the proposed structure as follows, to-wit: * * *." (Emphasis supplied)

2. The word "deemed" when used in similar context has been held not to give unlimited discretion but to require " * * * deliberate action based on evidence and standards." De Stefanis v. Zoning Board of Review, 84 R.I. 343, 124 A.2d 544, 545 (1956), and see State v. Cohen, 73 N.H. 543, 63 A. 928, 930 (1906). In view of the widespread use of architects and engineers in our modern society, there would seem to be a serious question as to the propriety of dispensing with architectural and engineering services on any public building or structure of any substance.

court and in the briefs filed in this court, it has been assumed that this work does fall within the subject statute, and we leave this record as we find it. 5 C.J.S. Appeal & Error § 1503(a), pp. 863–871; 5 Am. Jur.2d Appeal and Error § 546, pp. 31–2.

Judgment affirmed.

HATHAWAY, C. J., and MARY ANNE RICHEY, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCK-ER having requested that he be relieved from consideration of this matter, Judge MARY ANNE RICHEY was called to sit in his stead and participate in the determination of this decision.