40 P.3d 831

Richard M. ROMLEY, Maricopa County
Attorney, Plaintiff–Appellee,

v.

Joseph M. ARPAIO, Maricopa County
Sheriff, Defendant–Appellant.

No. 1 CA–CV 01–0013.

Court of Appeals of Arizona,
Division 1, Department B.

Feb. 19, 2002.

Jennings, Strouss & Salmon, P.L.C. By Michael J. O'Connor, John J. Egbert, Scott Rhodes, Phoenix, Attorneys for Appellee.

Bryan Cave, LLP By Joseph T. Clees, L. Eric Dowell, Kim E. Zack, Phoenix, Attorneys for Appellant.

## OPINION

TIMMER, Presiding Judge.

¶ 1 We are asked to decide whether the Maricopa County Sheriff can lawfully eschew the services of the Maricopa County Attorney by directing an administrative employee, who is also a licensed attorney, to represent the Sheriff in proceedings before the Maricopa County Employee Merit System Commission. The Sheriff admits that the legislature has not authorized him to employ counsel in this manner. He contends, however, that the Maricopa County Board of Supervisors possesses such authority and has delegated it to him by ratifying Maricopa County Employee Merit System Rule 10.07, which he claims permits an agency to choose its own counsel in appeals to the Commission.

¶ 2 We agree with the Sheriff that the Board of Supervisors can choose legal counsel to represent an agency or county official in litigation in which they are parties, including Commission appeals. However, we do not interpret Rule 10.07 as authorizing an agency to choose its own legal counsel in Commission appeals. Consequently, we decide that the Board, by ratifying the Commission's procedural rules, did not delegate to agencies the Board's authority to select counsel. We therefore hold that, absent Board approval, the Sheriff cannot retain independent legal counsel or designate an in-house attorney to represent the Sheriff in Commission appeals. Because the Sheriff did not receive such approval in this case, we affirm the trial court's entry of summary judgment in favor of the County Attorney.

## FACTUAL AND PROCEDURAL HISTORY

¶ 3 In early July 1999, the Maricopa County Sheriff's office terminated Chris Gerberry's employment, and he appealed that decision to the Maricopa County Employee Merit System Commission. Gerberry additionally asserted a "whistle-blower" claim against the Sheriff's office pursuant to Ariz.Rev.Stat. ("A.R.S.") § 38–532 (1996). Because Gerberry intended to call the Maricopa County Attorney as a witness before the Commission, the County Attorney had a conflict of interest in representing the Sheriff before the Commission in this matter. Consequently, the County Attorney's office selected a private attorney to represent the Sheriff from a list of private counsel that had been approved by the Maricopa County Board of Supervisors.

¶ 4 The Sheriff's office declined to accept the chosen attorney's services, expressing its belief that the County Attorney's office should have no input in choosing counsel in light of its conflict of interest, and further

stating that it would direct one of its staff members to represent the Sheriff before the Commission. Thereafter, the Sheriff's office assigned Ronald A. Lebowitz to appear before the Commission as the Sheriff's representative. Although Lebowitz is a licensed attorney, the Sheriff's office employs him in an administrative capacity.

¶ 5 The County Attorney, in response to an inquiry by the Director of the Maricopa County Department of Human Resources, then issued Opinion No. 99–005 on July 22, 1999. The County Attorney concluded, in significant part, that a county officer cannot employ legal counsel to represent a county agency before the Commission because such representation is expressly reserved to the County Attorney by A.R.S. § 11–532(A) (1990). Based on that opinion, the Human Resources Director requested the Commission's hearing officers to recognize only attorneys selected by the County Attorney's office as representatives of the Sheriff in Commission appeals.

¶ 6 In early October 1999, the Sheriff's office requested the hearing officer assigned to the *Gerberry* appeal to enforce Rule 10.07 and permit Lebowitz to appear in the appeal as the Sheriff's representative rather than as the Sheriff's attorney. Rule 10.07 provides, in relevant part, as follows: "Parties may represent themselves or be represented by legal counsel, or a lay representative, of their choosing." Maricopa County Employee Merit System Rule 10.07.

¶ 7 On October 5, 1999, the hearing officer ruled that Lebowitz could appear in the *Gerberry* appeal as the Sheriff's attorney. The hearing officer reasoned that the Sheriff had the authority to choose his own counsel because his office was constitutionally created, thereby granting him "implicit authority to conduct his office as he reasonably deems proper." The hearing officer additionally interpreted Rule 10.07 as authorizing agencies to either employ counsel or designate lay persons to represent them before the Commission. He reasoned that the Commission has the power to "define the qualifications of those advocates who appear before it" with-

out interference by the Arizona Supreme Court or the County Attorney.

¶ 8 The County Attorney's office subsequently engaged attorney David J. Damron to advise county representatives, including the Sheriff's office, in the selection of counsel for the *Gerberry* matter, to review bills submitted by that counsel, and to advise the Board as the matter progressed. The County Attorney's office hired Damron to screen that office from any contact with the *Gerberry* case in light of the conflict of interest. The office provided Damron with a list of Board-approved private counsel for use in selecting counsel. The Sheriff's office thereafter rejected Damron's assistance, citing the hearing officer's ruling.

¶ 9 On October 22, the County Attorney moved to intervene in *Gerberry* and further asked the hearing officer to reconsider his ruling. After the hearing officer denied the motion, the County Attorney sought a stay of the upcoming hearing and appealed the hearing officer's ruling. Gerberry's counsel then sought to continue the hearing until the County Attorney's appeal had been resolved. The hearing officer denied the motion to continue, and the Commission placed the County Attorney's request for stay and its appeal on the agenda for a meeting scheduled after commencement of the *Gerberry* hearing. Accordingly, the County Attorney sought and received a stay of the hearing from the superior court. The Commission thereafter denied the County Attorney's appeal, finding that the Sheriff and his office may choose either Lebowitz or anyone else to represent them before the Commission. In the midst of this legal wrangling, Gerberry filed a notice of claim for wrongful termination and other causes of action against the Sheriff, an employee of his office, and the Board, seeking damages in the amount of $8 million.

¶ 10 The County Attorney next filed in the superior court a complaint for judicial review of the Commission's decision and a declaratory judgment action, naming the Commission, the hearing officer, and the Sheriff as defendants.[1] The County Attor-

---

1. After the trial court consolidated the actions, and upon stipulation of the parties, it dismissed

ney asserted that the Sheriff had no authority to hire in-house counsel to perform duties that the County Attorney is legally charged to perform (count I); that a Sheriff's office employee could not represent the office before the Commission as a "lay" representative (count II); and that only the County Attorney has the authority to assign counsel to the Sheriff's office (count III). In addition to reciting the events involving the *Gerberry* matter, the County Attorney described similar disputes that had arisen between his office and the Sheriff's office regarding legal representation in unrelated cases that did not involve conflicts of interest.[2]

¶ 11 Because the facts underlying the issues were not disputed, both parties filed motions for summary judgment. The trial court found that Lebowitz was not counsel for the Sheriff because he was hired as an administrative employee. Therefore, the court dismissed count I as moot. In addressing count II, the court ruled that a non-employee party to a Commission proceeding may not appear through a non-lawyer representative. The court thus declared that as an administrative employee, Lebowitz could not represent the Sheriff in Commission proceedings. Finally, the court dismissed count III, explaining that no dispute existed that gave rise to an actual controversy ripe for declaratory judgment because the Board retains authority over county litigation, including approval of private counsel, and there was no evidence that the Board had been requested to address the process of specific attorney assignment. This appeal by the Sheriff followed.[3]

## STANDARD OF REVIEW

¶ 12 We review de novo the trial court's grant of summary judgment, viewing the evidence in the light most favorable to the Sheriff as the non-prevailing party. *L.*

*Harvey Concrete, Inc. v. Agro Constr. & Supply Co.*, 189 Ariz. 178, 180, 939 P.2d 811, 813 (App.1997). Further, we are not bound by that court's interpretation of pertinent statutes or procedural rules. *Byers–Watts v. Parker*, 199 Ariz. 466, 468, ¶ 7, 18 P.3d 1265, 1267 (App.2001); *Blum v. State*, 171 Ariz. 201, 204, 829 P.2d 1247, 1250 (App.1992).

## DISCUSSION

### I. Effect of Lebowitz's status as an administrative employee

¶ 13 Our state constitution grants the Arizona Supreme Court the exclusive authority to decide who may engage in the practice of law. *Hunt v. Maricopa County Employees' Merit Sys. Comm'n*, 127 Ariz. 259, 261–62, 619 P.2d 1036, 1038–39 (1980) (Under Article III of the Arizona Constitution, "the practice of law is a matter exclusively within the authority of the Judiciary. The determination of who shall practice law in Arizona and under what condition is a function placed by the state constitution in this court."). The Sheriff acknowledges that representation of an agency official in a Commission appeal is the "practice of law," and, therefore, only a licensed attorney can represent him in such appeals. *See State Bar of Ariz. v. Ariz. Land Title & Trust Co.*, 90 Ariz. 76, 95, 366 P.2d 1, 14 (1961) (holding representation of another in administrative hearing constitutes practice of law). *See also* Ariz. R. Sup.Ct. 31(a)(3) (prohibiting practice of law by anyone not licensed as attorney in Arizona or falling within a listed exception). *Cf.* Ariz. R. Sup.Ct. 31(a)(4)(B) (authorizing *employee* to designate non-attorney to represent employee before board hearing or quasi-judicial hearing dealing with personnel matters if no fee charged by chosen representative).

---

the complaint seeking review of the Commission's decision. Consequently, this appeal is from the court's disposition of the declaratory judgment action.

2. During the pendency of the trial court proceedings, Gerberry withdrew his Commission appeal. In light of the other, similar disputes referenced in the complaint, the parties agreed that the termination of the Commission appeal did not

render the declaratory judgment action moot. The trial court concurred with this assessment, and we agree because an actual controversy remained to be decided by the court. *Secrist v. Diedrich*, 6 Ariz.App. 102, 104, 430 P.2d 448, 450 (1967).

3. Neither the Commission nor the hearing officer appealed the judgment.

¶ 14 The Sheriff argues, however, that the trial court erred in ruling that Lebowitz, due to his status as an "administrative employee," cannot lawfully represent the Sheriff before the Commission. The trial court reasoned that if Lebowitz appears before the Commission, he would do so as a lay representative rather than as an attorney in light of his employment designation. The Sheriff contends that Lebowitz would not lose his status as an attorney simply because he functions as an administrative employee. The County Attorney urges us to reject this argument and affirm because the Sheriff hired Lebowitz to perform administrative functions, and, alternatively, the Sheriff invited any error in the court's ruling by asserting Lebowitz's status as a non-legal administrative employee.

¶ 15 We agree with the Sheriff that the trial court erred in its reasoning.[4] A lawyer takes his or her license along when engaging in any type of activity, *In re Pappas*, 159 Ariz. 516, 521–22, 768 P.2d 1161, 1166–67 (1988), and does not have the luxury of shedding professional accountability at whim. Thus, for example, the supreme court has disciplined an attorney for "slip-shod and sloppy accounting practices," even though the conduct occurred while the attorney worked in an administrative, government job. *In re Grimble*, 157 Ariz. 448, 452–53, 759 P.2d 594, 598–99 (1988); *see also In re Lurie*, 113 Ariz. 95, 97–98, 546 P.2d 1126, 1128–29 (1976) ("We state at the outset that it makes no difference whether [the lawyer] was acting as an attorney or as a businessman. There is nothing to prevent an attorney from engaging in business or other activities, but when he does so he does not abandon his professional ethics if he wishes to remain a member of his profession.").

¶ 16 We find the reasoning in the supreme court's disciplinary cases persuasive in resolving the issue before us. If a licensed attorney represents an agency in an administrative hearing, the supreme court's interest in ensuring qualified representation can be satisfied, regardless of that person's employment title. We therefore decide that the County's designation of Lebowitz as an administrative employee does not alter the fact that he would function as a licensed attorney in representing the Sheriff before the Commission. Thus, if the Sheriff's office is authorized to select its own attorney to represent it in Commission appeals, Lebowitz can lawfully fulfill that role. We now address that issue.[5]

## II. The Sheriff's authority to select counsel

¶ 17 The Sheriff recognizes that he lacks statutory authority to choose or employ counsel to represent him in Commission appeals. *See* A.R.S. § 11–532(A)(9) ("The county attorney is the public prosecutor of the county and shall: ... [a]ct as the legal advisor to the board of supervisors, attend its meetings and oppose claims against the county which the county attorney deems unjust or illegal."). He argues, however, that the Board of Supervisors possesses such power, and it delegated this authority to him and other county officials by ratifying Commission procedural rules, including Rule 10.07. The County Attorney does not contest that the Board has authority to hire independent counsel to represent the Board or county officials and agencies in litigation matters. *See Bd. of Supervisors v. Woodall*, 120 Ariz. 379, 383, 586 P.2d 628, 632 (1978) (holding Board may not hire independent counsel for purposes of obtaining legal advice if County Attorney available to provide counsel, but can engage independent counsel for purpose

4. We have reviewed the record and conclude that the Sheriff did not request or cause the trial court to rule that Lebowitz would not function as an attorney in Commission proceedings. Consequently, we decide that the Sheriff did not invite error, and we address the merits of his contention. *State v. Logan*, 200 Ariz. 564, 566, ¶ 11, 30 P.3d 631, 633 (2001) (party invites error, and waives appellate challenge, by injecting error into ... trial court proceedings).

5. Although we conclude that the trial court erred ruling that Lebowitz could not serve as a licensed attorney before the Commission, we will affirm if a different legal basis supports the judgment. *Mattison v. Johnston*, 152 Ariz. 109, 113, 730 P.2d 286, 290 (App.1986).

of prosecuting and defending legal actions to which county is a party). He asserts, however, that the Board did not delegate this authority to county agencies, including the Sheriff's office, by ratifying the Commission's adoption of Rule 10.07. Thus, our resolution of this appeal turns on the meaning of Rule 10.07.

¶ 18 Rule 10.07 provides that "[p]arties may represent themselves or be represented by legal counsel, or a lay representative, of their choosing." The Sheriff contends that this rule means that any party to a Commission appeal, including the agency official named in the appeal, may choose legal counsel. The County Attorney responds that the intent of Rule 10.07 is unclear, and that the Sheriff's proposed construction would conflict with the Board's express delegation to the County Attorney to obtain legal services as described in the Maricopa County Procurement Code. Thus, the County Attorney argues, we should reject the Sheriff's contention and decide that the Board has not delegated to county officials its discretionary authority to engage independent counsel for Commission appeals.

¶ 19 In interpreting Rule 10.07, we apply the same principles of construction as are used in construing statutes. *State v. Baca*, 187 Ariz. 61, 63, 926 P.2d 528, 530 (App.1996). Thus, to determine the Board's intent in adopting Rule 10.07, we look first to its language, *Calmat of Ariz. v. State ex rel. Miller*, 176 Ariz. 190, 193, 859 P.2d 1323, 1326 (1993), and we will ascribe plain meaning to its terms unless they are ambiguous. *Rineer v. Leonardo*, 194 Ariz. 45, 46, ¶ 7, 977 P.2d 767, 768 (1999). If the rule is ambiguous, we will employ principles of construction. *Byers–Watts*, 199 Ariz. at 469, ¶ 10, 18 P.3d at 1268. Moreover, we are not limited to considering the parties' arguments in construing the rule. *Evenstad v. State*, 178 Ariz. 578, 582, 875 P.2d 811, 815 (App.1993) ("[W]hen we are considering the interpretation and application of statutes, we do not believe we can be limited to the arguments made by the parties if that would cause us to reach an incorrect result.").

¶ 20 The Commission did not define the term "parties" in its procedural rules.

Consequently, we use the ordinary meaning of the word as found in a well-respected dictionary. *Snyder v. Tucson Police Pub. Safety Pers. Ret. Sys. Bd.*, 201 Ariz. 137, 140, ¶ 12, 32 P.3d 420, 423 (App.2001). Black's Law Dictionary 1144 (7th ed.1999) defines a "party," in significant part, as "[o]ne by or against whom a lawsuit is brought." Consequently, the reference to "parties" in Rule 10.07 may refer to both parties to an appeal, as the Sheriff contends. Conversely, the term may apply only to employees, particularly because the sentence immediately preceding the one at issue describes an option limited to *employees. See* Rule 10.07 ("Hearings shall be closed to the public, unless the appellant requests an open hearing."). As we next explain, when considering the term in the context of the entire rule, the practical effect of the Sheriff's proposed interpretation, and the Board's related acts, we decide that the word refers only to employees.

¶ 21 First, review of the entire rule reveals that the Commission authorizes a different "choice" to parties than the one championed by the Sheriff. The Sheriff focuses our attention on the language in Rule 10.07 that provides that "[p]arties may ... be represented by legal counsel ... of their choosing." But when the ellipses are replaced with words, we discover that the "choice" granted by the rule to the "parties" is to either represent themselves, or secure representation by a lay person or legal counsel. *See id.* ("Parties may represent themselves or be represented by legal counsel, or a lay representative, of their choosing."). By placing the words "of their choosing" at the end of the list of alternatives, we conclude that the Commission and the Board, by ratification, intended to communicate that the "parties" could select any one of three forms of representation.

¶ 22 Second, in light of the "choice" offered by Rule 10.07, if we interpret "parties" as including county officials, the Rule would be rendered unconstitutional because it would impermissibly grant to those officials the right to choose lay representation. As previously explained, *see supra* ¶ 13, the supreme court is constitutionally empowered to exclusively decide who can engage in the practice

of law. Although that court permits employees to utilize lay representation in Commission appeals, Ariz. R. Sup.Ct. 31(a)(4)(B), it does not grant the same right to employers, including county officials. Because we strive to avoid an interpretation that would render a rule unconstitutional, *Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 272, 872 P.2d 668, 676 (1994), we decide that the term "parties" in Rule 10.07 refers only to employees.

¶ 23 Third, our examination of the Board's creation of the Commission further supports a conclusion that the word "parties" in Rule 10.07 refers only to appealing employees. Upon authorization by the legislature, *see* A.R.S. §§ 11–351 to –356 (1990), the Board passed a resolution, which created both the Maricopa County Employee Merit System and the Commission. The Board empowered the Commission to hear and decide employee appeals regarding suspensions, demotions, and dismissals. The Board further authorized the Commission to create rules "not inconsistent with [the] Resolution" that are "proper and necessary." Maricopa County Employee Merit System Resolution § 12(B)(11) (Rev.12/15/97). The Board expressly resolved that *employees* may represent themselves or secure lay or legal representation in Commission appeals. *Id.* at § 16(C). The resolution is silent regarding the employing official's representation options.

¶ 24 After its formation, the Commission adopted procedural rules, including Rule 10.07, which the Board thereafter ratified. The fact that the Board had specifically recognized that employees can employ lay representation, which parroted supreme court Rule 31(a)(4)(B), further supports a conclusion that the "parties" referenced in Rule 10.07 are employees and not county officials.

¶ 25 Finally, as the County Attorney points out, the Board has expressly created a mechanism within the Maricopa County Procurement Code that outlines a method for county officials to employ independent legal counsel. The Code provides that the County Director of Materials Management can delegate to any county governmental unit the authority to employ professional services, including legal counsel. Maricopa County Procurement Code §§ MC1–201(D), –203(C) (Feb. 19, 1999). The Code further provides the manner in which counsel may be selected, *id.* at § MC1–504(D), and that the Board must approve any contracts with the selected attorney. *Id.* at § MC1–203(A). The County Attorney produced Board minutes reflecting the Board's adherence to the Code's procedures. Specifically, the minutes document the Board's appointment of the County Attorney and several deputy county attorneys as procurement officers authorized to solicit legal services for fiscal years 1999 and 2000 via requests for proposals.

¶ 26 In light of the manner of delegation set forth in the Procurement Code and the Board's adherence to that methodology, we would expect the Board to have been more precise if it had intended to vary from this procedure for Commission appeals and, instead, give county officials unchecked authority to retain independent counsel. This is particularly true as an outcome of a Commission appeal in favor of an employee can result in a debt owed by the county, such as back wages, and may be binding in any civil litigation arising from the employment dispute and filed against the county. *See Hawkins v. State, Dept. of Econ. Sec.*, 183 Ariz. 100, 103, 900 P.2d 1236, 1239 (App.1995) ("Both doctrines of res judicata and collateral estoppel may apply to decisions of administrative agencies acting in a quasi-judicial capacity."). For this additional reason, we interpret Rule 10.07 to avoid this result by construing the term "parties" to mean employees and not county officials.

¶ 27 In summary, we hold that Rule 10.07 allows only employees to represent themselves or secure lay or legal representation in appeals. Absent authorization by the Board, county officials must use counsel obtained by the County Attorney to represent their interests in Commission appeals. *See* A.R.S. § 11–532(A)(9) (2001). Because neither the Board nor the County Attorney authorized the Sheriff to use Lebowitz as counsel before the Commission in the *Gerberry* appeal, we affirm the trial court's entry of judgment in the County Attorney's favor.

¶ 28 In light of this decision, we do not address the parties' arguments that assume

the accuracy of the Sheriff's proposed interpretation of Rule 10.07. Likewise, we do not consider whether the Board can lawfully delegate its authority to hire litigation counsel in the manner suggested by the Sheriff. Nor do we decide the role of the County Attorney in retaining attorneys to represent county officials when the County Attorney cannot provide counsel due to a conflict of interest.

## CONCLUSION

¶ 29 For the foregoing reasons, we hold that Commission Rule 10.07 does not authorize the Sheriff to choose independent counsel to represent him in Commission appeals. Because the Sheriff lacks statutory authority to make this choice, and because neither the Board nor the County Attorney approved the Sheriff's selection of counsel, we affirm the entry of summary judgment in favor of the County Attorney.

CONCURRING: NOEL FIDEL, Judge, and PHILIP HALL, Judge.