Robert Larry Godwin, the appellant, has served since 1993 as the executor of the estate of his deceased daughter Selena Godwin. On April 30, 1997, Mr. Godwin filed a complaint in the Circuit Court of Pike County, styled Robert L. Godwin, as Executor andIndividually v. Barbara B. Godwin, case number CV-97-107. Charles Edmondson, Barbara Godwin's attorney, notified the State Bar Association that Mr. Godwin was apparently engaged in the unauthorized practice of law because one of the counts in Mr. Godwin's complaint stated claims on behalf of Selena Godwin's estate, claims for the recovery of chattels in specie and for specific performance of a contract.[2] The State Bar contacted Mr. Godwin by letter and asked him to explain his activities. Mr. Godwin admitted in a reply letter, dated May 24, 1997, that he was not represented by counsel when he included in his complaint the count filed on behalf of Selena Godwin's estate. The Unauthorized Practice of Law Committee (UPLC) of the Alabama State Bar considered Mr. Godwin's actions, on June 20, 1997. The UPLC decided to send him a "Cease and Desist Affidavit."[3]
This *Page 1015 
affidavit was sent with a cover letter on July 9, 1997. Mr. Godwin never responded to the letter and never signed the affidavit. On October 3, 1997, the UPLC voted to file a quo warranto[4] complaint against Mr. Godwin, and the State Bar filed such a complaint on February 17, 1998, in the Circuit Court of Pike County. On September 15, 1998, Mr. Godwin filed a response to the complaint. On October 27, 1998, the State Bar moved for a summary judgment. On November 13, 1998, the trial court held a hearing on the summary-judgment motion and at that hearing heard oral testimony. At the conclusion of the testimony and the arguments, the court entered a judgment, finding that Mr. Godwin had engaged in the unauthorized practice of law and enjoining him from further activity that would constitute the unauthorized practice of law. Toward the end of the hearing, the trial court adjourned for 15 minutes and ordered Mr. Godwin to file a notice of withdrawal from case CV-97-107. The court imposed no sanctions upon Mr. Godwin besides the injunction. Mr. Godwin now appeals from the injunction. We affirm.
The uncontroverted evidence is that Mr. Godwin filed a complaint that included a count stated on behalf of Selena Godwin's estate. Mr. Godwin admitted in his testimony at the summary-judgment hearing that the estate was not represented by an attorney when he included the count in his complaint. Although the law allows Mr. Godwin to file complaints pro se, it does not allow him to file a complaint on behalf of anyone else, even an estate of which he is the executor. "[T]he practice of law is defined as follows: Whoever, (1) In a representative capacity appears as an advocate or draws papers, pleadings or documents, or performs any act in connection with proceedings pending or prospective before a court . . . is practicing law." Ala. Code 1975, § 34-3-6(b).
The purpose of § 34-3-6 is to ensure that laymen do not serve others in a representative capacity in areas that require the skill and judgment of a licensed attorney. Porter v. AlabamaAss'n of Credit Executives, 338 So.2d 812 (Ala. 1976). See generally, Armstrong v. Brown Service Funeral Home West Chapel,700 So.2d 1379 (Ala.Civ.App. 1995); Derek A. Denckla, TheUnauthorized Practice of Law: an Overview of the Legal and EthicalParameters, 67 Fordham L. Rev. 2581 (1999); L. Bruce Ables,Unauthorized Practice of Law, 56 Ala. Law. 288 (1995) (documenting Alabama's rampant problem with the unauthorized practice of law).
Mr. Godwin makes a number of arguments concerning the alleged dubiousness of requiring the State to license attorneys, and he raises unfounded doubts about the constitutionality of Ala. Code 1975, § 34-3-6. However, if § 34-3-6 needs to be amended to allow nonlicensed attorneys to represent clients and practice law, the amendment must be made by the Legislature.
It is undisputed that Mr. Godwin practiced law without a law license. He was not punished, but was simply enjoined from doing it in the future. The judgment of the trial court is affirmed.
AFFIRMED.
Hooper, C.J., and See, Brown, and England, JJ., concur.
Houston, J., concurs specially.
[2] The complaint included two other counts that concerned Mr. Godwin's personal property. Those two counts are not at issue here because Mr. Godwin has every right to file such counts prose.
[3] A "Cease and Desist Affidavit" is a form document sent by the UPLC to persons found to be engaged in the unauthorized practice of law. That person is supposed to sign the form under oath as an affidavit, and return it to the UPLC.
[4] "Quo warranto [Law Latin `by what authority']" is defined as: "A common-law writ used to inquire into the authority by which a public office is held or a franchise is claimed." Black's LawDictionary 1264 (7th ed. 1999). *Page 1016