18 P.3d 1265

Michelle **BYERS–WATTS**, on behalf of herself and as next friend and natural mother of: Larry Michael Miller–Watts, a minor, Plaintiffs–Appellants,

v.

Toni L. **PARKER** and Michael Parker, husband and wife; Robert Anderson as Special Administrator of the Estate of David Weil, Defendants–Appellees.

No. 1 CA–CV 00–0270.

Court of Appeals of Arizona, Division 1, Department E.

March 1, 2001.

As Amended March 29, 2001.

Michelle Byers–Watts, Apache Junction, Appellant In Propria Persona.

Burrell & Seletos, by Roger Burrell, Phoenix, Attorneys for Appellees Parker.

Jones, Skelton & Hochuli, by David C. Lewis and Ronald W. Collett, Phoenix, Attorneys for Appellee Anderson.

## OPINION

TIMMER, Presiding Judge

¶ 1 Michelle Byers–Watts appeals the trial court's judgment dismissing the personal injury lawsuit filed in her capacity as guardian ad litem for her minor son. We are asked to decide whether Byers–Watts, a non-lawyer, can represent her son in the lawsuit without the services of a licensed attorney. We conclude she cannot provide such representation, and we therefore affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 On January 9, 1994, nine-year-old Larry Michael Miller–Watts ("Larry") was a passenger in a truck driven by David L. Weil when it was struck from behind by a vehicle operated by appellee Toni L. Parker. Larry suffered a blow to his head and was transported to a hospital, where he was treated and released.

¶ 3 On the second-year anniversary of the accident, Byers–Watts, Larry's mother, acting in *propria persona*, filed a personal injury complaint solely on his behalf. She named Weil, Parker, and their respective spouses and insurance companies as defendants. Because Weil died before initiation of the lawsuit, Byers–Watts eventually amended her complaint to substitute appellee Robert Anderson, as special administrator of Weil's estate, as a defendant in place of Weil. Additionally, the court dismissed the claims against the insurance companies. Before entry of the dismissal order, one of the companies objected to Byers–Watts' representation

of Larry, but the court never ruled on the objection.

¶ 4 Attorney Harold Feder entered his appearance on behalf of Byers–Watts on February 11, 1997. But Feder moved to withdraw in October of 1997 without client permission, citing "a significant difference of opinion [with Byers–Watts] in terms of how this case should be handled." Although the trial court initially denied the motion because the case was set for trial in January 1998, it ultimately granted the motion after Byers Watts provided her consent. The court also vacated the trial date and noted that "[Byers–Watts] is looking for an attorney to represent her."

¶ 5 Byers–Watts failed to retain a new attorney by August 1998, and appellees therefore moved to dismiss the case, arguing that Byers–Watts was engaging in the unauthorized practice of law. The trial court agreed and ruled that Byers–Watts must be represented by an attorney in order to maintain the lawsuit on Larry's behalf. Accordingly, the court stayed the proceedings for ninety days and stated that it would dismiss the case without prejudice at the end of that time period unless Byers Watts had secured legal representation.

¶ 6 Before the expiration of the ninety-day period, attorney Keith Lalliss appeared for Byers–Watts. At a pretrial management conference held on August 27, 1999, however, Lalliss orally moved to withdraw from the case. Byers–Watts stated that she did not oppose the motion, and the court therefore granted it.[1] The court vacated the then-existing trial date and, once again, allowed Byers–Watts ninety days in which to obtain legal representation.

1. Byers–Watts asks us to resolve a monetary issue arising out of Lalliss' representation. We decline to do so because Lalliss is not a party to the case and the issue was not resolved in the trial court.

2. Byers–Watts also challenges the probate court's appointment of Anderson as special administrator of Weil's estate in Maricopa County Superior Court probate case number PB 97–01447. Although this case number appears on Byers–Watts' notice of appeal, she did not state an intention to appeal from any judgment entered in the probate case. Moreover, the last order in the probate proceeding, which denied Byers–Watts'

¶ 7 At a November 19, 1999, status conference, the court allowed Byers–Watts until December 17 to retain counsel. On December 20, 1999, the court granted her request for an extension of this deadline and ordered that she obtain an attorney by March 3, 2000. As of April 3, 2000, Byers–Watts still had not retained an attorney. The trial court therefore dismissed the case without prejudice to refile it. Because the court necessarily based its decision on its interpretation of court rules, we review the judgment *de novo. Perguson v. Tamis,* 188 Ariz. 425, 427, 937 P.2d 347, 349 (App.1996).

## DISCUSSION

¶ 8 Byers–Watts primarily argues that the trial court erred by dismissing the lawsuit because Rule 17(g), Arizona Rules of Civil Procedure ("A.R.C.P."), explicitly authorizes her to represent Larry without the services of a licensed attorney. She further raises issues concerning discovery disputes and the merits of her claim. Because our resolution of the representation issue is dispositive, we do not address these issues.[2]

¶ 9 Rule 17(g) provides, in relevant part, as follows:

Whenever an infant or incompetent person has a representative, such as a general guardian, or similar fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative the infant or incompetent may sue by a next friend or by a guardian ad litem.

"Motion for Reconsideration for Revocation of Special Administrator," was entered on September 11, 1998. Assuming that Byers–Watts intended to appeal that decision, she did not do so timely, as her notice of appeal was filed approximately twenty months after entry of that order. *See* Ariz. R. Civ.App. P. 9 (appeal must generally be filed within 30 days of entry of judgment); A.R.S. § 14–1304 (1995). Accordingly, we lack jurisdiction to consider the probate issue and do not address it. *Mayer v. State,* 184 Ariz. 242, 243, 908 P.2d 56, 57 (App.1995) ("Appellate courts lack jurisdiction to consider appeals that are not timely filed.").

Byers–Watts seizes upon the language permitting her to "sue or defend on behalf of [an] infant" as authorizing her to provide *legal* representation to Larry in the lawsuit. Appellees counter that Rule 17(g) only allows Byers–Watts to serve as Larry's *non-legal* representative in the lawsuit and does not give her a license to practice law.

■ ¶ 10 In interpreting Rule 17(g), we apply the same principles of construction as are used in construing statutes. *State v. Baca*, 187 Ariz. 61, 63, 926 P.2d 528, 530 (App.1996). Thus, to determine the supreme court's intent in adopting Rule 17(g), we look first to its language, *Calmat of Ariz. v. State ex rel. Miller*, 176 Ariz. 190, 193, 859 P.2d 1323, 1326 (1993), and will ascribe plain meaning to its terms unless they are ambiguous. *Rineer v. Leonardo*, 194 Ariz. 45, 46, ¶ 7, 977 P.2d 767, 768 (1999). If the rule is ambiguous, we will employ principles of construction, such as interpreting it in conjunction with other rules relating to the same subject matter. *See Goulder v. Arizona Dep't of Transp., Motor Vehicle Div.*, 177 Ariz. 414, 416, 868 P.2d 997, 999 (App.1993). Because Rule 17(g) is patterned after Rule 17(c) of the Federal Rules of Civil Procedure ("F.R.C.P."), we are also guided by federal case law interpreting that rule. *See Nesbitt v. Nesbitt*, 1 Ariz.App. 293, 295, 402 P.2d 228, 230 (1965) (construction of Rule 17(c) by federal courts is pertinent in interpreting Arizona Rule 17(g)).

¶ 11 Byers–Watts contends that the phrase "sue or defend" in Rule 17(g) "plainly" refers to legal representation. We disagree. Our society commonly refers to both lawyers *and* parties as "suing" others and "defending" against lawsuits. Indeed, our rules of civil procedure recognize "the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity." A.R.C.P. 9(a). Consequently, we reject Byers–Watts' argument that the term "sue or defend" in Rule 17(g) necessarily refers to the legal prosecution or defense of lawsuits on behalf of others. Because the plain language of Rule 17(g) does not yield a certain meaning, we turn to sources outside the rule.

¶ 12 In deciding what our supreme court intended by the phrase "sue or defend" in Rule 17(g), we are guided by that court's rules identifying who may engage in the practice of law. *See Hunt v. Maricopa County Employees' Merit Sys. Comm'n*, 127 Ariz. 259, 261–62, 619 P.2d 1036, 1038–39 (1980) (Under article III of the Arizona Constitution, "the practice of law is a matter exclusively within the authority of the Judiciary. The determination of who shall practice law in Arizona and under what condition is a function placed by the state constitution in this court.").

■ ¶ 13 Rule 31(a)(3), Rules of the Arizona Supreme Court, states that "no person shall practice law in this state ... unless he is an active member of the state bar." Without question, representation of another in court proceedings constitutes the "practice of law." *See In re Fleischman*, 188 Ariz. 106, 110, 933 P.2d 563, 567 (1997) ("The practice of law consists of 'those acts, whether performed in court or in the law office, which lawyers customarily have carried on from day to day through the centuries ...' includ[ing] ... representing another before a court....") (quoting *State Bar of Ariz. v. Ariz. Land Title & Trust Co.*, 90 Ariz. 76, 95, 366 P.2d 1, 14 (1961)). Significantly, although the supreme court authorizes certain non-attorneys to represent others in specified judicial and administrative proceedings, the court does not include general guardians, guardians ad litem, next friends, or similar fiduciaries within these exceptions. *See R. Ariz. Sup.Ct. 31(a)(4)*. In light of this omission, we are persuaded that the court did not intend A.R.C.P. 17(g) to authorize non-lawyer guardians and like representatives to provide legal representation for their minor charges.

¶ 14 Our conclusion is further bolstered by federal court decisions that have interpreted F.R.C.P. 17(c).[3] *See Devine v. Indian River County Sch. Bd.*, 121 F.3d 576, 581 (11th

---

**3.** That rule provides, in part, that "[w]henever an infant ... has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant.... An infant ... who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem."

Cir.1997) (Rule 17(c) "permits authorized representatives, including parents, to sue on behalf of minors, but does not confer any right upon such representatives to serve as legal counsel."); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir.1986) (per curiam)(Under Rule 17(c), "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.").

¶ 15 Other federal courts have reached similar holdings based on policy considerations. *See, e.g., Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 125 (2nd Cir.1998) (The court has a duty to prohibit non-lawyer guardians from providing legal representation because " '[t]he infant is always the ward of every court wherein his rights or property are brought into jeopardy.' ") (quoting *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir.1997)); *Johns*, 114 F.3d at 877 (Whether a parent can bring a pro se lawsuit on behalf of a minor " 'falls squarely within the ambit of the principles that militate against allowing non-lawyers to represent others in court.' ")(quoting *Brown v. Ortho Diagnostic Sys., Inc.*, 868 F.Supp. 168, 172 (E.D.Va.1994)); *Osei–Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3rd Cir.1991) ("[A] non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children . . . .").

¶ 16 As explained by the court in *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2nd Cir.1990):

> The choice to appear pro se is not a true choice for minors who under state law . . . cannot determine their own legal actions. There is thus no individual choice to proceed *pro se* for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others.

> It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.

*See also duPont v. Southern Nat'l Bank of Houston, Tex.*, 771 F.2d 874, 882 (5th Cir. 1985) (because infant is always ward, infant " 'is entitled to the most jealous care that no injustice be done to him.' ") (quoting *Friends for All Children v. Lockheed Aircraft Corp.*, 725 F.2d 1392, 1400 (D.C.Cir.1984)).

¶ 17 We agree with the federal courts' conclusions and rationales and adopt them as our own. Byers–Watts cites multiple cases and treatises that she claims support her interpretation of A.R.C.P. 17(g). These cases, however, merely recognize a guardian's right to sue a party on behalf of a child. None of these authorities discusses a guardian's ability to provide *legal* representation for a child. *See, e.g., Pintek v. Superior Court*, 78 Ariz. 179, 184, 277 P.2d 265, 268 (1954) ("[A]n infant cannot bring or defend a legal proceeding in person, but must sue or be sued by a legally appointed general guardian or next friend or a guardian ad litem."); *Pearson & Dickerson Contractors, Inc. v. Harrington*, 60 Ariz. 354, 364–65, 137 P.2d 381, 385 (1943) (parents' right to recover medical expenses can be assigned to child in lawsuit brought by parents "in the name of the infant and as his guardians ad litem"). We therefore find them unpersuasive. We hold that a non-attorney parent or like fiduciary must be represented by an attorney to maintain a lawsuit on behalf of a child or incompetent person.

¶ 18 Byers–Watts finally argues that Appellees waived their right to contest her representation of Larry by failing to raise an earlier objection to her role. We disagree. The right to legal counsel belongs exclusively to Larry and therefore cannot be waived by Appellees. *See Osei–Afriyie*, 937 F.2d at 883 ("Since no competent party here had the incentive to draw the district court's attention to the fact that the children should have been represented by a qualified attorney, we do not view this issue as waived."); *Wenger*, 146 F.3d at 125 (child's right to justice is so important that court has *sua sponte* duty to ensure the child's interests are represented by a lawyer).

¶ 19 We acknowledge Byers–Watts' sincere belief that she is the best person to legally advocate Larry's lawsuit. But as the court in *Devine* recognized, "we are com-

 

pelled to follow the usual rule—that parents who are not attorneys may not bring a *pro se* action on their child's behalf—because it helps ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." 121 F.3d at 582. When Larry reaches adulthood, he may indeed decide to pursue his case against Appellees without legal counsel. But the right to proceed with or without counsel belongs exclusively to Larry, and Byers–Watts cannot choose to waive counsel on his behalf. *Osei–Afriyie,* 937 F.2d at 883.

## CONCLUSION

¶ 20 For the foregoing reasons, we affirm.

CONCURRING: EDWARD C. VOSS, Judge, JON W. THOMPSON, Judge.