Hermie Chambers ("the father") and his wife, Delores Chambers ("the mother"), individually and as parents and/or legal guardians of their minor child, Hermiesha D. Chambers ("the child"), appeal from the dismissal of their action by the circuit court. The father and the mother are acting pro se. We dismiss part of the appeal on the basis that the father and the mother, who are not attorneys, may not prosecute the action as the child's attorneys, and we affirm the remaining portion of the circuit court's order dismissing the action because the father and the mother did not specifically state any claims of their own in the complaint. In resolving this appeal, we make no comment as to whether the child may have a valid claim.
The child in this case was enrolled in Bluff City Elementary School ("the school"), in Barbour County, at the time the action was filed. According to the complaint, in February 2006, the mother, the father, and the child (collectively "the *Page 1011 
family") received two parental-consent forms and two medical-release forms from the school. The forms pertained to two separate field trips the child's class had been scheduled to take the following month. The first field trip was to a middle school, and the second trip was a "positive behavior reward" field trip to a park in Dothan.
The father and the mother signed the consent forms and the medical-release forms, but they crossed out the sections of those forms that stated that the "sponsor" and the Eufaula Board of Education would be released from "any liability in case of accident or injury." The father and the mother received a letter from the school dated March 7, 2006, stating that unless they signed the release forms the child would not be allowed to attend the field trips, which had been scheduled for March 9, 2006, and March 17, 2006, respectively. The father and the mother sent letters to Suzann Tibbs, the principal of the school ("the principal"); Louise Conner, the President of the Eufaula Board of Education for that year; and Dr. Barry R. Sadler, the superintendent of the Eufaula city school system ("the superintendent"), asking to be informed as to which rules, policies, or laws they had violated. The complaint does not allege that the father and the mother signed the unaltered forms at any time.
The family contends that the principal, the superintendent, and the Eufaula Board of Education ("the Board") prohibited the child from attending both the March 9 field trip and the March 17 field trip. Subsequently, the father and the mother, acting pro se, filed suit, as individuals and as parents and/or guardians of the child, against the principal, the superintendent, and the Board. The complaint alleged various theories of relief that stem from the fact that the child was not allowed to attend the field trips; those theories include: "cruel and unusual punishment," wantonness, conspiracy, the tort of outrage, discrimination, contributory negligence, "exceeding authority by statute," and "punishment without due process." The family also sought to recover at least $50,000 in damages from the defendants. Additionally, on the same day that they filed suit, the family also filed a motion for a temporary restraining order, a preliminary injunction, and a permanent injunction to, among other things, prohibit the defendants from requiring the completion of the parental-consent forms and medical-release forms.
The defendants initially moved to dismiss the action on the basis that the father and the mother could not represent the child in the action because they were not licensed attorneys. The defendants then moved to dismiss the father's and the mother's alleged individual claims on the basis that each of the claims set out in the complaint pertained to claims of the child, not to the father and the mother as individuals. The defendants later moved to dismiss the entire action on the basis that the complaint failed to state a claim upon which relief could be granted. After denying the family's motion for a temporary restraining order, a preliminary injunction, and a permanent injunction, the circuit court entered an order stating, in pertinent part:
 "The first motion to dismiss, which seeks to dismiss the minor plaintiffs claims is granted without prejudice. The second motion to dismiss, which seeks to dismiss the adult plaintiffs' claims is granted with prejudice, subject to any amendment rights in the Alabama Rules of Civil Procedure. The third motion to dismiss concerns claims brought by the adult plaintiffs and by the minor plaintiff. The claims brought *Page 1012 
by the adult plaintiffs are dismissed with prejudice, subject to any amendment rights in the Alabama Rules of Civil Procedure. A portion of the third motion to dismiss that seeks to dismiss the minor's claims is conditionally granted with prejudice, but only if it should be determined that the granting of the first motion to dismiss was erroneous.
 "On December 1, the plaintiff[s] filed a 41-page `Motion to Alter, Amend, or Vacate a Judgment.' This motion, which is very similar to `Plaintiff Opposition to Defendant Second and Third Motion to Dismiss [sic],' never identifies what judgment the plaintiff[s] seek[s] to change. The Court denied, by Order of November 8, 2006, plaintiffs' `Motion for Preliminary Injunction, Temporary Restraining Order and Permanent Injunction.' The Court has also denied plaintiffs' Motion to Shorten Time and Motion to Compel. Each of those orders were properly entered. Therefore, plaintiffs' Motion to Alter, Amend, or Vacate a Judgment is denied.
 "All other pending motions are rendered moot by this Order."
The family then timely filed a motion to clarify or, in the alternative, to alter, amend, or vacate the circuit court's order dismissing the action. The circuit court denied that motion; the family then timely appealed to our Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7, Ala. Code 1975.
Our Supreme Court has explained the standard of review to apply to a trial court's order dismissing an action as follows:
 "`The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala. 1985); Hill v. Falletta, 589 So.2d 746 (Ala.Civ.App. 1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671
(Ala. 1985); Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala. 1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'"
Beckerle v. Moore, 909 So.2d 185, 187
(Ala. 2005) (quoting Nance v. Matthews, 622 So.2d 297,299 (Ala. 1993)). Additionally, a trial court's order dismissing an action for a failure to state a claim is reviewed de novo by this court. Bay Lines, Inc. v. Stoughton Trailers,Inc., 838 So.2d 1013, 1017 (Ala. 2002).
The family raises numerous issues in its brief to this court; however, we may distill the issues in this appeal to three issues, the first two of which are dispositive: (1) whether the father and the mother may represent their child when neither parent is a licensed attorney; (2) whether the father and the mother have stated any cause of action on their own behalf against the principal, the superintendent, or the Board; and (3) assuming that the father and the mother have stated a cause of action on their own behalf against the defendants, whether any such cause is a claim upon which relief could be granted.
The father and the mother cite Rule 17(c), Ala. R. Civ. P., to support the proposition that they should be allowed to represent their child's interests in this action despite the fact that they are not *Page 1013 
licenced attorneys; however, that argument is unpersuasive. Rule 17(c) provides in part that "[w]henever a minor has a representative, such as a general guardian or like fiduciary, the representative may sue in the name of the minor." This phrase is similar to a phrase in Rule 17(c), [1] of the Federal Rules of Civil Procedure.[2] When interpreting Rule17(c), Fed.R.Civ.P., the United States Court of Appeals for the Eleventh Circuit stated that Rule 17(c) "permits authorized representatives, including parents, to sue on behalf of minors, but does not confer any right upon such representatives to serve as legal counsel." Devine v. Indian River County Sch.Bd., 121 F.3d 576, 581 (11th Cir. 1997) (citingOsei-Afriyie v. Medical Coll. of Pennsylvania,937 F.2d 876, 882-83 (3d Cir. 1991); Cheung v. Youth OrchestraFound, of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990); and Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986)); see also Tindall v. Poultney High Sch.Dist, 414 F.3d 281, 284 (2d Cir. 2005) ("[i]t is thus a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child"). We similarly conclude that Rule 17(c), Ala. R. Civ. P., does not confer upon a representative of a minor a right to practice law on behalf of that minor.
Further, although there does not appear to be an Alabama case directly on point, in Ex parte Ghafary, 738 So.2d 778
(Ala. 1998) our Supreme Court addressed the issue whether the nonattorney executrix of an estate could represent the estate in an action. In that case our Supreme Court examined both Article I, § 10, of the Constitution of Alabama of 1901, which establishes the right of a person to represent himself before any tribunal in the state, and § 34-3-6, Ala. Code 1975, which restricts those persons who have authority to practice law to those persons who "are regularly licensed." The Supreme Court concluded in Ex parte Ghafary that the right of a person to represent himself under Article I, § 10, did not "extend to the representation of interests other than those of the pro se litigant." Id. at 779. Additionally, the Supreme Court determined that § 34-3-6(a) "prohibits a nonattorney executor or personal representative from representing an estate before a court of law."Id. at 781. That conclusion was reiterated inGodwin v. State ex rel. McKnight, 784 So.2d 1014
(Ala. 2000), in which our Supreme Court noted, "[ail-though the law allows Mr. Godwin to file complaints pro se, it does not allow him to file a complaint on behalf of anyone else, even an estate of which he is the executor." Id.
at 1015.
Other states have specifically held that a nonattorney parent may not represent his or her child in an action. E.g.,Byers-Watts v. Parker, 199 Ariz. 466, 469, 18 P.3d 1265,1268 (Ariz.Ct.App. 2001) (concluding that a nonattorney mother acting as the guardian ad litem for her child may not act as an attorney to represent her child); Chisholm v.Rueckhaus, 124 N.M. 255, 256, 948 P.2d 707, 708
(N.M.Ct.App. *Page 1014 
1997) (similarly concluding that a nonattorney parent may not act as an attorney to represent his or her child). In a case in which the parents of a child, acting on behalf of their child, attempted to appeal a trial court's judgment without the aid of counsel, the Appellate Court of Connecticut stated:
 "The plaintiffs parents brought this action solely in a representative capacity as next friends. As we have noted, they did not raise any claims of their own. Accordingly, the party in interest in the underlying action and the aggrieved party to this appeal is the plaintiff, not his parents. `It is the infant, and not the next friend, who is the real and proper party. The next friend, by whom the suit is brought on behalf of the infant, is neither technically nor substantially the party, but resembles an attorney, or a guardian ad litem, by whom a suit is brought or defended in behalf of another.' (Emphasis in original.) Morgan v. Potter, 157 U.S. 195, 198, 15 S.Ct. 590, 39 L.Ed. 670 (1895); Williams v. Cleave-land, 76 Conn. 426, 431-32, 56 A. 850
(1904); Black's Law Dictionary (7th Ed. 1999) (defining `next friend').
 "As nonattorneys, the plaintiffs parents lacked authorization to maintain this appeal without the appearance of an attorney. . . .
 "Although there is no appellate case law in Connecticut addressing whether parents, without the aid of an attorney, can represent the interest, as next friends, of their children, the courts in other jurisdictions that have addressed that issue have universally held that they may not do so.[2]
The reasoning of the United States Court of Appeals for the Second Circuit is persuasive: `The choice to appear pro se is not a true choice for minors who under state law . . . cannot determine their own legal actions. There is thus no individual choice to proceed pro se for courts to respect, and the sole policy at stake concerns the exclusion of nonlicensed persons to appear as attorneys on behalf of others.
 "[2] Shepherd v. Wellman, 313 F.3d 963, 970-71 (6th Cir. 2002); Collinsgru v. Pal-myra Board of Education, 161 F.3d 225, 230-32 (3d Cir. 1998); Devine v. Indian River County School Board, 121 F.3d 576, 581-82 (11th Cir. 1997), cert. denied, 522 U.S. 1110, 118 S.Ct. 1040, 140 L.Ed.2d 106 (1998); Johns v. County of San Diego, 114 F.3d 874, 876-77 (9th Cir. 1997); Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61-S2 (2d Cir. 1990); Meeker v. Kercher, 782 F.2d 153, 154-55 (10th Cir. 1986); Bullock v. Dioguardi, 847 F.Supp. 553, 560-61 (N.D.Ill. 1993); Lawson v. Edwardsburg Public School, 751 F.Supp. 1257, 1258-59
(W.D.Mich. 1990); Shields v. Cape Fox Corp., 42
 "`It goes without saving that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected. There is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian.' (Emphasis in original.) Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990). The purpose for requiring a lawyer is to `ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents.' Devine v. Indian River County School Board 121 F.3d 576, 582 (11th Cir. 1997), cert. denied, 522 U.S. 1110, 118 S.Ct. 1040, 140 L.Ed.2d 106
(1998). *Page 1015 
 P.3d 1083, 1086 (Alaska 2002); Byers-Watts v. Parker, 199 Ariz. 466, 469-70, 18 P.3d 1265
(2001); Blue v. People, 223 Ill.App.3d 594, 596-97, 165 Ill.Dec. 894, 585 N.E.2d 625 (1992), cert. denied, 506 U.S. 1058, 113 S.Ct. 992, 122 L.Ed.2d 143
(1993); Chisholm v. Rueckhaus, 124 N.M. 255, 257-58, 948 P.2d 707, cert. denied, 124 N.M. 268, 949 P.2d 282 (1997)."
Lowe v. City of Shelton, 83 Conn.App. 750, 756-58, 851
A.2d 1183, 1189-91 (2004).
Although we find such authority highly persuasive, we note that there is at least one exception to this general rule that applies when a parent's interests in supplemental-security-income ("SSI") benefits are closely intertwined with the interests of the child in those same benefits. Harris v. Apfel, 209 F.3d 413, 416 (5th Cir. 2000) (holding that a nonattorney parent may represent the interests of his or her child in an SSI benefits case when the parent has a personal stake in the litigation); andMachadio v. Apfel, 276 F.3d 103, 107 (2d Cir. 2002) (holding that a non-attorney parent may bring an action on behalf of his or her child without representation by an attorney, in an appeal from an SSI decision by an administrative law judge, when it is determined that the parent has a sufficient interest in the case and meets basic standards of competence). Additionally, when addressing the extent to which a parent may represent his or her child in an action under the Individuals with Disabilities Education Act ("the IDEA"), 20 U.S.C. § 1400 et seq., the United States Supreme Court concluded that parents have their own rights at stake under the IDEA and may, therefore, represent those interests pro se. Winkelman ex ret Winkelman v. Parma City Sch.Dist, ___ U.S. ___, 127 S.Ct. 1994, 2007, 167 L.Ed.2d 904
(2007). However, the Supreme Court explicitly left open the question whether a parent could, pro se, represent his or her child's claims under the IDEA. Id. In this case we are not faced with an intertwining of interests similar to that involved in SSI benefits cases, nor are we faced with any potential statutory exception to the general rule that a nonattorney may not represent another person or entity in an action. Therefore, we hold that the nonattorney parents of the child in this case may not represent the child in her action against the defendants. Indeed, they also may not represent the child on appeal, and we therefore must dismiss that portion of the appeal. Stage Door Dev., Inc. v. Broadcast Music,Inc., 698 So.2d 787 (Ala.Civ.App. 1997) (dismissing an appeal because the individual representing the corporation on appeal was not a licensed attorney); see also Lowe,supra.
Turning to the second issue, although the style of the action indicates that the father and the mother are asserting their own legal rights as pro se litigants, we note that, despite naming themselves as plaintiffs in the complaint, the father and the mother did not specifically assert any claims on their own behalf in the complaint or in the motion for injunctive relief. In fact, the second motion to dismiss filed by the defendants was based upon that same observation. We agree with the circuit court's dismissal of the father's and the mother's alleged individual claims because the complaint did not assert that the father and the mother had suffered any damage that had been caused by the defendants, nor did the complaint assert that the father and the mother sought to recover any damages or to compel any action under a legal theory that was independent of the theories of relief asserted on behalf of the child. Consequently, the complaint, insofar as it relates to the father and the mother, fails to meet the rudimentary requirement *Page 1016 
to assert some legal theory under which they might obtain relief. Thus, the father's and the mother's alleged claims were properly dismissed by the circuit court. See generally
Rule 12(b)(6), Ala. R. Civ. P; and Lloyd v. Community Hosp.of Andalusia, Inc., 421 So.2d 112, 113 (Ala. 1982) (noting that "when the complaint is devoid of averments of the requisite elements of any legal claim upon which plaintiff might be entitled to relief, the motion [to dismiss] is to be granted").
Turning to the third issue — whether the father and the mother failed to state a claim upon which relief could be granted — we simply note that we need not address that issue. Although the circuit court's order addressed the defendants' third motion to dismiss, which alleged that the family had failed to state any claim upon which relief could be granted, we need not address that issue because we have determined that the first two motions to dismiss, which relate to the claims of the child and the claims of the father and the mother, respectively, were properly granted.
AFFIRMED IN PART; APPEAL DISMISSED IN PART.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
[1] In an April 30, 2007, order, the Supreme Court of the United States amended Rule 17(c), to become effective December 1, 2007, absent contrary Congressional action. The prior caselaw interpreting that rule is, nevertheless, still pertinent to our discussion; furthermore, the changes to Rule 17(c) do not indicate that a substantive change regarding the representation of minors is intended.
[2] "Because the Alabama Rules of Civil Procedure were patterned after the Federal Rules of Civil Procedure, cases construing the federal rules are considered authority in construing the Alabama rules." Cutler v. OrkinExterminating Co., 770 So.2d 67, 70 n. 2 (Ala. 2000) (citing Ex parte Scott, 414 So.2d 939 (Ala. 1982)).