BRYAN, Judge.
Alma Beasley (“Alma”), the plaintiff below, appeals from a judgment in favor of the defendant below Debra Poole.[1] We affirm.
The judgment of the trial court states:
“[This action] came before the Court on [a]ppeal from [the Montgomery] District Court for a [fjinal [h]earing on December 16, 2009. After a review of the complaint, evidence presented, and argument, this Court finds the following facts:
“1. [Alma] on or about September 1, 2008 [met] with [Poole, a licensed attorney,] and hired her to handle a foreclosure/ejectment proceeding [being prosecuted against] Fredrick Beasley[, who is Alma’s son],
“2. [Alma] paid [Poole] $1500.00 of the requested $2500.00 retainer to handle the matter and [Alma] signed an engagement letter that specifically de *649 tailed [Poole’s] in-court and out-of court hourly rate.
“3. [Alma] allowed her daughter, Audra Beasley[,] against the advice of counsel[,] to file motions on or about October 28, 2008 as a Pro se litigant [i]n the matter ... which [Alma] had hired [Poole] to handle.
“4. On or about November 7, 2008, [Poole] withdrew [from representing Frederick Beasley in the foreclosure/ejectment proceeding] after [a] disagreement on how to proceed in the matter, in particular because of Audra Beasley’s Pro se filings.
“5. On or about November 10, 2008, [Poole] forwarded to [Alma] an itemized invoice of the work performed up to the date of counsel’s withdrawal. “6. Audra Beasley appeared before the Court as representative] for her mother, Alma Beasley[,] and brother, Fredrick Beasley, requesting that [Poole] return to Alma Beasley all money paid to [Poole]. Audra Beasley is not an attorney.
“In addition to the above, the subject matter for which [Poole] was hired involves [Alma’s] son and daughter-in-law, Fredrick and Jackie Beasley, and not [Alma]. Although Audra Beasley considers herself a party in this matter — she is not. [Alma] signed the contract with [Poole] as well as the receipt evidencing payment of the retainer to [Poole]. Furthermore, the foreclosure/ejectment proceeding was instigated against the mortgagors, Fredrick and Jackie Beasley, not Audra Beasley nor Alma Beasley, and thus Fredrick and Jackie Beasley would be the actual clients of [Poole] despite who in fact paid the retainer and the proper plaintiffs in this matter.
“[Based on t]he fact that the actual parties, Fredrick and Jackie Beasley, did not prosecute this matter and the further fact that Audra Beasley is not an attorney and therefore could not represent any of the individuals she purports to represent, ... the Court finds and enters judgment in favor of [Poole].”
The principal brief and reply brief submitted to this court on behalf of Alma were prepared by Audra Beasley (“Audra”), Alma’s daughter. As noted in the judgment of the trial court, Audra is not a licensed attorney. Section 34-3-6(a), Ala.Code 1975, provides that “[o]nly such persons as are regularly licensed have authority to practice law.” In pertinent part, § 34 — 3—6(b)(1), Ala.Code 1975, provides that, for purposes of § 34 — 3—6(a), a person is practicing law if he or she “[i]n a representative capacity appears as an advocate or draws papers, pleadings or documents, or performs any act in connection with proceedings pending or prospective before a court....” Thus, Audra’s preparation of the briefs submitted on behalf of Alma constitutes the unauthorized practice of law under § 34-3-6.[2]
The supreme court has held that a pleading filed by a nonattorney who is *650 engaging in the unauthorized practice of law by purporting to represent another party is a nullity. See Ex parte Ghafary, 738 So.2d 778, 781 (Ala.1998). Under the supreme court’s holding in Ghafary, we conclude that the briefs prepared by Audra and submitted to this court on behalf of Alma are nullities. Thus, we have no briefs before us delineating any issues on behalf of Alma or presenting argument on her behalf. “ ‘An appeals court will consider only those issues properly delineated as such, and no matter will be considered on appeal unless presented and argued in brief. Ex parte Riley, 464 So.2d 92 (Ala.1985).’ ” Tucker v. Cullman-Jefferson Counties Gas Dist., 864 So.2d 317, 319 (Ala.2003) (emphasis omitted; quoting Braxton v. Stewart, 539 So.2d 284, 286 (Ala.Civ.App.1988)). Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Alma appealed to the supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.

. A copy of a power of attorney authorizing Audra to act as Alma’s attorney-in-fact is attached to the principal brief submitted on behalf of Alma. That power of attorney is not a part of the record on appeal, and, therefore, we cannot consider it. See Ex parte Ruggs, 10 So.3d 7, 10 n. 2 (Ala.2008) (“Appellate courts are not permitted to consider matters outside the record. See, e.g., Etherton v. City of Homewood, 700 So.2d 1374, 1378 (Ala.1997). ‘ " ‘[AJttachments to briefs are not considered part of the record and therefore cannot be considered on appeal.' " ' Roberts v. NASCO Equip. Co., 986 So.2d 379, 385 (Ala.2007) (quoting Morrow v. State, 928 So.2d 315, 320 n. 5 (Ala.Crim.App.2004), quoting in turn Huff v. State, 596 So.2d 16, 19 (Ala.Crim.App.1991)).”). Moreover, even if we could consider it, it would not authorize Alma to engage in the unauthorized practice of law Cf. Ex parte Ghafary 738 So.2d 778 (Ala.1998) (holding that a nonattorney executrix of an estate could not serve as legal counsel for the estate in an action); and Chambers v. Tibbs, 980 *650 So.2d 1010 (Ala.Civ.App.2007) (holding that although Rule 17(c) Ala. R. Civ. P. authorizes representatives to sue on behalf of minors, it does not confer upon them any right to serve as legal counsel for the minors in such actions).