MOORE, Judge.
Minor Child “A,” by and through her mother F.P.J., appeals from a summary judgment entered by the Mobile Circuit Court (“the trial court”). We dismiss the appeal.
On October 22, 2010, F.P.J., appearing pro se, filed a complaint in the trial court, naming “Minor Child ‘A’ ” as the plaintiff and “USA Womens’ and Children Hospital” (“the hospital”) as the defendant. The complaint alleged that Minor Child “A” (“the child”) had suffered damages as a *395 result of the negligence of the nurses who had treated the child during a stay at the hospital. Specifically, the complaint alleged that the child was seeking $1,000,000 in damages “for negligent medical malpractice, endangering an infant, causing [the child] trauma, emotional hurt, disfigurement, defamation of character, slander, pain and suffering, breach of confidential medical documentation, harassment, abuse, embarrassment, and mistaken gender and all other injuries so may be discovered.”
The hospital filed a motion to dismiss on November 5, 2010, based on the doctrine of sovereign immunity. On November 19, 2010, F.P.J. filed a motion requesting that her claims not be dismissed and asserting that the child possessed individual claims against the nurses. On December 16, 2010, F.P.J. filed a motion seeking to file an amended complaint; the trial court granted that motion on January 28, 2011. On February 2, 2011, F.P.J. filed an amended complaint, naming as defendants “Dr. Smith,” “RN Amy Davis,” and “RN Hale.” On February 11, 2011, the trial court entered an order granting the hospital’s motion to dismiss; in another order entered that same date, the trial court indicated that, although proper service had been made upon Amy Davis, proper service had not been perfected as to the other individual defendants named in F.PJ.’s amended complaint.
On March 4, 2011, Shelia Hale and Amy Davis filed separate motions to extend their time to answer the complaint; the trial court granted both motions on that same date. On March 28, 2011, Davis filed a motion to dismiss or, in the alternative, a motion for a summary judgment. On March 29, 2011, Hale filed a motion to dismiss or, in the alternative, a motion for a summary judgment. On April 30, 2011, the trial court entered a summary judgment in favor of Davis and Hale. F.P.J. filed a document entitled a “reply” in the trial court on June 2, 2011; that document was treated by the trial court as a notice of appeal to this court. This court transferred the appeal to the Alabama Supreme Court for lack of jurisdiction; that court subsequently transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
On appeal, F.P.J., acting pro se as the representative of the child, argues that the trial court erred by entering a summary judgment in favor of Davis and Hale.
In Chambers v. Tibbs, 980 So.2d 1010 (Ala.Civ.App.2007), Hermie Chambers (“the father”) and his wife, Delores Chambers (“the mother”), appealed from an adverse decision of the Barbour Circuit Court in an action brought by them pro se, in which they asserted claims on their own behalf and on behalf of their child. This court dismissed the portion of the appeal brought on behalf of their child and stated, in pertinent part:
“The father and the mother cite Rule 17(c), Ala. R. Civ. P., to support the proposition that they should be allowed to represent their child’s interests in this action despite the fact that they are not licenced attorneys; however, that argument is unpersuasive. Rule 17(c) provides in part that ‘[wjhenever a minor has a representative, such as a general guardian or like fiduciary, the representative may sue in the name of the minor.’ This phrase is similar to a phrase in Rule 17(c), of the Federal Rules of Civil Procedure. When interpreting Rule 17(c), Fed.R.Civ.P., the United States Court of Appeals for the Eleventh Circuit stated that Rule 17(c) ‘permits authorized representatives, including parents, to sue on behalf of minors, but does not confer any right upon such representatives to serve as legal counsel.’ Devine v. Indian River County *396 Sch. Bd., 121 F.3d 576, 581 (11th Cir.1997) (citing Osei-Afriyie v. Medical Coll. of Pennsylvania, 937 F.2d 876, 882-83 (3d Cir.1991); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir.1990); and Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir.1986)); see also Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 284 (2d Cir.2005) (‘[i]t is thus a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child’). We similarly conclude that Rule 17(c), Ala. R. Civ. P., does not confer upon a representative of a minor a right to practice law on behalf of that minor.
“Further, although there does not appear to be an Alabama case directly on point, in Ex parte Ghafary, 738 So.2d 778 (Ala.1998)[,] our Supreme Court addressed the issue whether the nonattor-ney executrix of an estate could represent the estate in an action. In that case our Supreme Court examined both Article I, § 10, of the Constitution of Alabama of 1901, which establishes the right of a person to represent himself before any tribunal in the state, and § 34-3-6, Ala.Code 1975, which restricts those persons who have authority to practice law to those persons who ‘are regularly licensed.’ The Supreme Court concluded in Ex parte Ghafary that the right of a person to represent himself under Article I, § 10, did not ‘extend to the representation of interests other than those of the pro se litigant.’ Id. at 779. Additionally, the Supreme Court determined that § 34-3-6 (a) ‘prohibits a nonattorney executor or personal representative from representing an estate before a court of law.’ Id. at 781. That conclusion was reiterated in Godwin v. State ex rel. McKnight, 784 So.2d 1014 (Ala.2000), in which our Supreme Court noted, ‘[a]lthough the law allows Mr. Godwin to file complaints pro se, it does not allow him to file a complaint on behalf of anyone else, even an estate of which he is the executor.’ Id. at 1015.
“Other states have specifically held that a nonattorney parent may not represent his or her child in an action. E.g., Byers-Watts v. Parker, 199 Ariz. 466, 469, 18 P.3d 1265, 1268 (Ariz.Ct.App.2001) (concluding that a nonattor-ney mother acting as the guardian ad litem for her child may not act as an attorney to represent her child); Chisholm v. Rueckhaus, 124 N.M. 255, 256, 948 P.2d 707, 708 (N.M.Ct.App.1997) (similarly concluding that a nonattorney parent may not act as an attorney to represent his or her child). In a case in which the parents of a child, acting on behalf of their child, attempted to appeal a trial court’s judgment without the aid of counsel, the Appellate Court of Connecticut stated:
“ ‘The plaintiffs parents brought this action solely in a representative capacity as next friends. As we have noted, they did not raise any claims of their own. Accordingly, the party in interest in the underlying action and the aggrieved party to this appeal is the plaintiff, not his parents. “It is the infant, and not the next friend, who is the real and proper party. The next friend, by whom the suit is brought on behalf of the infant, is neither technically nor substantially the party, but resembles an attorney, or a guardian ad litem, by whom a suit is brought or defended in behalf of another.” (Emphasis in original.) Morgan v. Potter, 157 U.S. 195, 198, 15 S.Ct. 590, 39 L.Ed. 670 (1895); Williams v. Cleaveland, 76 Conn. 426, 431-32, 56 A. 850 (1904); Black’s Law *397 Dictionary (7th Ed.1999) (defining “next friend”).
“ ‘As nonattorneys, the plaintiffs parents lacked authorization to maintain this appeal without the appearance of an attorney....
“ ‘Although there is no appellate case law in Connecticut addressing whether parents, without the aid of an attorney, can represent the interest, as next friends, of their children, the courts in other jurisdictions that have addressed that issue have universally held that they may not do so.[] The reasoning of the United States Court of Appeals for the Second Circuit is persuasive: “The choice to appear pro se is not a true choice for minors who under state law ... cannot determine their own legal actions. There is thus no individual choice to proceed pro se for courts to respect, and the sole policy at stake concerns the exclusion of nonlicensed persons to appear as attorneys on behalf of others.
“ ‘ “It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected. There is nothing in the guardian-minor relationship that suggests that the minor’s interests would be furthered by representation by the non-attorney guardian.” .... Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir.1990). The purpose for requiring a lawyer is to “ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents.” Devine v. Indian River County School Board, 121 F.3d 576, 582 (11th Cir.1997), cert. denied, 522 U.S. 1110, 118 S.Ct. 1040, 140 L.Ed.2d 106 (1998).
[[Image here]]
“Lowe v. City of Shelton, 83 Conn.App. 750, 756-58, 851 A.2d 1183, 1189-91 (2004).
“Although we find such authority highly persuasive, we note that there is at least one exception to this general rule that applies when a parent’s interests in supplemental-security-income (‘SSI’) benefits are closely intertwined with the interests of the child in those same benefits. Harris v. Apfel, 209 F.3d 413, 416 (5th Cir.2000) (holding that a nonattorney parent may represent the interests of his or her child in an SSI benefits case when the parent has a personal stake in the litigation); and Machadio v. Apfel, 276 F.3d 103, 107 (2d Cir.2002) (holding that a nonat-torney parent may bring an action on behalf of his or her child without representation by an attorney, in an appeal from an SSI decision by an administrative law judge, when it is determined that the parent has a sufficient interest in the case and meets basic standards of competence). Additionally, when addressing the extent to which a parent may represent his or her child in an action under the Individuals with Disabilities Education Act (‘the IDEA’), 20 U.S.C. § 1400 et seq., the United States Supreme Court concluded that parents have their own rights at stake under the IDEA and may, therefore, represent those interests pro se. Winkelman ex rel. Winkelman v. Parma City Sch. Dist., [550] U.S. [516], [535], 127 S.Ct. 1994, 2007, 167 L.Ed.2d 904 (2007). However, the Supreme Court explicitly left open the question whether a parent could, pro se, represent his or her child’s claims under the IDEA. Id. In this case we are not faced with an intertwining of interests similar to that involved in SSI *398 benefits cases, nor are we faced with any potential statutory exception to the general rule that a nonattorney may not represent another person or entity in an action. Therefore, we hold that the non-attorney parents of the child in this case may not represent the child in her action against the defendants. Indeed, they also may not represent the child on appeal, and we therefore must dismiss that portion of the appeal. Stage Door Dev., Inc. v. Broadcast Music, Inc., 698 So.2d 787 (Ala.Civ.App.1997) (dismissing an appeal because the individual representing the corporation on appeal was not a licensed attorney); see also Lowe, supra.”
980 So.2d at 1012-1015 (footnotes omitted).
Like in Chambers, in the present case, F.P.J. is not an attorney. The only claims raised before the trial court and on appeal are brought in the child’s name; F.P. J. has not stated any claims of her own. Also like in Chambers, this case is not one that invokes an exception to the general rule that a nonattorney may not represent another person or entity. Because we conclude, based on Chambers, that F.P.J. may not represent the child in this action, we dismiss the appeal. See Chambers, 980 So.2d at 1015.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ„ concur.