[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14439
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 22, 2012
JOHN LEY
CLERK

Docket No. 2:10-cv-00123-MHT-TFM


NUE CHEER FRANKLIN,
as Administratrix of the Estate of Elnoria Franklin,
GLADYS FRANKLIN,
as Alternate Administratrix of the Estate of Elnoria Franklin,

Plaintiffs-Appellants,

versus

GARDEN STATE LIFE INSURANCE, (GSLIC),
DONNA TILLEY,

Defendants-Appellees,

AMERICAN NATIONAL INSURANCE COMPANY, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(March 22, 2012)

Before EDMONDSON, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Nue Franklin, as administratrix of the estate of Elnoria Franklin, appeals the district court's dismissal of her pro se civil complaint, pursuant to Fed.R.Civ.P. 12(b)(6), for lack of representation and for lack of standing. No reversible error has been shown; we affirm.

Franklin[1] filed a complaint in district court against Garden State Life Insurance ("GSLIC"), American National Insurance Company ("ANICO"), Peggy Chinn, and Donna Tilley, alleging various claims based on the defendants' alleged failure to pay life insurance benefits after Elnoria Franklin's death. As relief, Franklin sought $3 million in compensatory and punitive damages.

A magistrate judge ordered Franklin to obtain counsel, determining that -- under 28 U.S.C. § 1654, Fed.R.Civ.P. 17(c), and Alabama law -- a non-lawyer administrator could not proceed pro se on behalf of an estate. When Franklin failed to obtain counsel, ANICO and Chinn filed motions to dismiss the complaint for failure to state a claim.

---

[1]The initial complaint was filed by both Franklin, as administratrix of the estate, and Gladys Franklin, as alternate administratrix. Gladys Franklin, however, later voluntarily moved to be dismissed as a plaintiff in the case.

2

The magistrate judge issued a report and recommendation ("R&R") recommending that the district court grant ANICO and Chinn's motions to dismiss because Franklin was prohibited from proceeding pro se on behalf of the estate. On 24 August 2010, the district court adopted the magistrate's R&R and dismissed all claims against ANICO and Chinn. Franklin filed a timely motion to set aside the judgment, pursuant to Fed.R.Civ.P. 59(e) and 60(b), which the district court denied on 16 September 2010. In a separate order -- also issued on 16 September 2010 -- the district court granted GSLIC's and Tilley's motions to dismiss for the same reasons given in the magistrate's initial R&R and ordered the case closed.

As an initial matter, we must first address the scope of our jurisdiction over this appeal. Fed.R.App.P. 3(c)(1)(B) requires that a notice of appeal "designate the judgment, order, or part thereof being appealed." "The notice need not always be explicit; in some circumstances notice may be adequate when the party's intent to appeal is 'objectively clear' from all of the circumstances." Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (citing Fed.R.App.P. 3(c)).

Franklin's notice of appeal -- filed timely as to both the 24 August and 16 September orders -- indicated that she intended to appeal from "the District [C]ourt's order dismissing this case." Although she did not expressly designate the order or orders being appealed, we conclude that, based on all the

3

circumstances, her intent to appeal both the district court's 24 August and 16 September orders dismissing all four defendants is "objectively clear." First, the district court's 24 August order did not become final until 16 September, when the court denied Franklin's motion to set aside that judgment.[2] See Stallworth v. Shuler, 758 F.2d 1409, 1410 (11th Cir. 1985) (stating that "[a] timely motion under Fed.R.Civ.P. 59(e) to alter or amend a judgment suspends the finality of the judgment for purposes of appeal"). Thus, final judgment dismissing all four defendants was entered effectively on 16 September -- albeit in two separate orders. We are also convinced that Franklin's motion to set aside the 24 August order together with the language of her notice of appeal demonstrated her intention to appeal the district court's dismissal of her entire case.

Having resolved the jurisdictional issue, we now address Franklin's argument that the district court erred in dismissing her complaint based on its determination that she was not permitted to represent the estate pro se.[3] We review a district court's dismissal under Rule 12(b)(6) de novo. Coventry First,

[2]We also note that, in its 24 August order, the district court failed to make an express determination that no just reason for delay existed, as required by Fed.R.Civ.P. 54(b) to enter final judgment against fewer than all the defendants.

[3]Franklin makes various other arguments in response to issues raised by the defendants in the district court. Because these issues were not addressed by the district court nor did they serve as a basis for the district court's decision, we will not address them on appeal.

4

LLC v. McCarty, 605 F.3d 865, 868-69 (11th Cir. 2010).  "A motion to dismiss is granted only when the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."  Id. at 869.

Section 1654 authorizes parties in federal cases to "plead and conduct their own cases personally or by counsel."  28 U.S.C. § 1654.  The right to appear pro se, however, is limited to those parties conducting "their own cases" and does not apply to persons representing the interests of others.  See Devine v. Indian River Cnty. Sch. Bd., 121 F.3d 576, 581 (11th Cir. 1997) (determining that, although a parent is authorized to sue on behalf of a minor child, a non-lawyer parent may not appear pro se on behalf of a child in federal court), overruled in part on other grounds, Winkelman v. Parma City Sch. Bd., 127 S.Ct. 1994, 2006-07 (2007).  Cf. Reshard v. Britt, 839 F.2d 1499 (11th Cir. 1988) (en banc) (evenly split panel affirming by operation of law the district court's order disqualifying the deceased's estate representatives from proceeding pro se in a wrongful death suit). This federal authority is consistent with Alabama law, which prohibits a plaintiff from "fil[ing] a complaint on behalf of anyone else, even an estate of which he is the executor."  See Godwin v. State ex rel. McKnight, 784 So.2d 1014, 1015 (Ala. 2000).

Because Franklin, as a non-lawyer, was not permitted to proceed <u>pro se</u> on behalf of Elnoria Franklin's estate, she can prove no set of facts entitling her to relief.  Thus, the district court properly dismissed her complaint pursuant to Rule 12(b)(6).

AFFIRMED.