THOMAS, Judge.
On February 7, 2012, Alan B. Fuller executed a promissory note and a mortgage with Green Tree Servicing, LLC (“Green Tree”). On May 6, 2013, Green Tree assigned the promissory note to U.S. Bank N.A. as trustee on behalf of Mid-State Trust XI (“U.S. Bank”) in an allonge. Green Tree assigned the mortgage to U.S. Bank on May 16, 2013. Thereafter Green Tree acted as the servicer, with delegated authority, on the loan evidenced by the note and mortgage. Fuller defaulted on the loan, and, on May 22, 2013, Green Tree' commenced foreclosure proceedings regarding the mortgaged property. Green Tree purchased the property at a foreclosure sale held on July 10,2013.
On August 1, 2013, Green Tree filed a complaint in the Monroe Circuit Court, which, as amended, asserted that Fuller and his adult daughter, Cecelia Andrews, had refused to vacate the propérty. Green Tree requested an order awarding it possession of the property and ordering Fuller and Andrews to vacate the property. On October 30, 2013, Andrews, acting pro se, responded, alleging that Green Tree had engaged in predatory and abusive lending practices and was liable for fraud and wrongful foreclosure.
On January 2, 2014, Green Tree filed a motion for a summary judgment.[1] Andrews filed a motion, purportedly representing Fuller’s interests, in which she asserted that Green Tree did not own the promissory note or the mortgage and that it was not entitled to commence foreclosure proceedings on the property. After a hearing, the circuit court denied Green Tree’s motion for a summary judgment on July 18, 2014; however, on December 1, 2014, the circuit court entered an order vacating the July 18, 2014, order and granting a summary judgment in favor of Green Tree. On January 5, 2015, Andrews, still acting pro se and purporting to represent Fuller’s interests, filed a notice of appeal seeking this court’s review of a number of issues. “ ‘In reviewing a summary judgment, an appellate court, de novo, applies the same standard as the trial court.’” American Gen. Life & Accident Ins. Co. v. Underwood, 886 So.2d 807, 811 (Ala.2004) (quoting Bruce v. Cole, 854 So.2d 47, 54 (Ala.2003)).
Andrews, acting pro se on appeal, seeks to represent Fuller, and the style of the action indicates that Fuller and Andrews are the litigants; however,
“[i]n [Ex parte Ghafary, 738 So.2d 778 (Ala.1998),] our Supreme Court examined both Article I, § 10, of the Constitution of Alabama of 1901, which establishes the right of a person to represent himself before any tribunal in the state, and § 34-3-6, Ala.Code 1975, which restricts those persons who have authority to practice law to those persons who ‘are regularly licensed.’ The Supreme Court concluded in Ex parte Ghafary that the right of a person to represent himself under Article I, § 10, did not ‘extend to the representation of interests other than those of the pro se litigant.’ Id. at 779.”
Chambers v. Tibbs, 980 So.2d 1010, 1013 (Ala.Civ.App.2007).
*243 All but one of the arguments advanced by Andrews focuses on her assertion of a wrongful foreclosure of Fuller’s mortgage.[2] Andrews, a nonattorney, could not represent Fuller in his action against Green Tree, and Andrews cannot represent Fuller on appeal; therefore, we dismiss that portion of the appeal. Stage Door Dev., Inc. v. Broadcast Music, Inc., 698 So.2d 787 (Ala.Civ.App.1997) (dismissing an appeal because the individual representing the corporation on appeal was not a licensed attorney).
The remaining argument advanced by Andrews on appeal, insofar as we comprehend it, is that Green Tree wrongfully foreclosed on a prior mortgage on the property that was acquired by Andrews’s husband, who is now deceased, before Fuller acquired his mortgage on the property. That argument was not,presented to the circuit court.
“It is a fundamental rule of appellate procedure that, regardless of merits of appellant’s contentions, appellate courts will not review questions hot decided by the trial court. McWhorter v. Clark, 342 So.2d 903 (Ala.1977). The Supreme Court cannot put a trial court in error for failure to rule on a matter which, according to the record, was not presented to nor decided by it. Defore v. Bourjois, Inc., 268 Ala. 228, 105 So.2d 846 (1958).”
Bevill v. Owen, 364 So.2d 1201, 1203 (Ala.1979). Accordingly, we perceive no basis upon which to reverse the judgment of the circuit court.
AFFIRMED IN PART; APPEAL DISMISSED IN PART.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. Andrews filed a counterclaim and an amended counterclaim, which are included in the record; however, both documents were ultimately stricken because, among other things, no filing fee was paid.

. Andrews asserts that Green Tree wrongfully instituted a foreclosure proceeding because, she says, Green Tree falsified the allonge reflecting the assignment of the note, falsified the assignment of the Fuller’s mortgage to U.S. Bank, and falsified "the endorsement on [Fuller’s] loan.” She accuses Green Tree of “criminal fraud.” She complains that she could not discover the amount owed because Green Tree sent too many conflicting notifications and billing statements.